PROCTOR, APPELLEE, *v.* FORD MOTOR CO.; ARSCOTT ET AL., APPELLANTS.

(No. 73-25—Decided October 10, 1973.)

*Mr. Harold Ticktin* and *Mr. Kenneth S. Kabb,* for appellee.

*Messrs. Hauxhurst, Sharp, Mollison & Gallagher* and *Mr. John B. Robertson,* for appellants.

STERN, J. This case presents a single question for our determination: Are full-time, salaried physicians, employed to administer and operate a plant medical facility, entitled to the immunity from personal tort liability conferred by R. C. 4123.741? We answer in the affirmative.

The fellow employees' immunity statute, R. C. 4123.741 (130 Ohio Laws 939, effective October 1, 1963), provides:

"No employee of any employer, as defined in division (B) of Section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury * * * received * * * by any other employee of such employer in the course of and arising out of the latter employee's employment * * * on the condition that such injury * * * is found to be compensable under * * * [the Workmen's Compensation Act]."

Appellee contends that appellants are not such "employees" as are entitled to benefit under R. C. 4123.741, pointing to the broad definition of "employee" in R. C. 4123.01. Since we find that definition to be controlling, we turn to its pertinent language:

"(A) 'Employee,' 'workman,' or 'operative' means:
"* * *

"(2) Every person in the service of any * * * private corporation * * * but not including any person whose employment is casual and not in the usual course of trade, business, profession, or occupation of his employer * * *."

It thus appears that a person "in the service of" a qualifying employer is an "employee," *unless* that person's employment is both casual and not in the usual course of his employer's business.

Appellee asserts that appellants' professional status, and their concomitant freedom to exercise discretion in medically treating the workers of Ford, remove them from the category of persons in the employ, *i. e.,* "in the service," of Ford. He would liken appellants to independent contractors, at least insofar as their duties go beyond administrative detail and form, routinely followed in operating the medical facility. Whatever the value of appellee's distinction in other areas of law, it is not well-taken in the field of workmen's compensation. 1A Larson, Workmen's Compensation Law, Section 45.32(b), and cases cited therein. Under the circumstances of this case, appellants, full-time salaried physicians, are "employees" of Ford.

We now turn to the exclusionary portion of R. C. 4123.-01(A)(2). To except them from the statutory definition of "employees," appellants' employment must be both casual and not in the usual course of their employer's trade, business, profession or occupation. It must be noted that we are here concerned with the *nature* of appellant's employment, as physicians, and not with their already-established status of employees of Ford.

In *State, ex rel. Bettman,* v. *Christen* (1934), 128 Ohio St. 56, this court found that there was no definitional distinction between the words "casual" and "in the usual course of the employer's business." Although these statutory requirements are joined in the conjunctive in R. C. 4123.01(A)(2), the court explained that this form of the statute had "a definite adjudicated interpretation, which the Legislature of Ohio presumably adopted." *Christen, supra,* at 64. The sole test for the nature of a person's employment was stated in the third paragraph of the syllabus, as follows:

"\* \* \* it must be employment for work of the kind required in the business of the employer and it must be in

conformity to the established scheme or system of the business. Such scheme or system comprehends the nature of the enterprise, its organization, its personnel requirements and its methods of operation. * * *''

The business of Ford is manufacturing automobiles; yet to say that its maintenance of a fully-staffed plant medical facility is unrelated to producing cars ignores the reality of modern industrial life. Ford's business interest in efficiency of operation is directly served by providing readily accessible medical care to those workmen whose minor injuries or ailments might otherwise result in their absence from the production-line. Moreover, Ford's practice of medically screening employment applicants is made easier by its ''on-site'' dispensary. So while there is no doubt that the workmen are most directly served by a plant dispensary, it is equally clear that appellants are employed in work that furthers the business interests of their employer. We therefore hold that the employment of appellants to staff Ford Motor Company's medical facility is not casual and without the usual course of Ford's business.

Doctors Arscott and Papas are ''employees'' as defined in R. C. 4123.01, and are thereby accorded the immunity from tort liability conferred by R. C. 4123.741.

The Court of Appeals' judgment as to appellants is reversed.

*Judgment reversed in part.*

O'NEILL, C. J., HERBERT, CORRIGAN, W. BROWN and P. BROWN, JJ., concur.

CELEBREZZE, J., dissents.