(No. 50975.—)

JOHN W. SMITH, Appellee, v. METROPOLITAN SANI-
TARY DISTRICT OF GREATER CHICAGO *et al.*
(W. E. O'Neil Construction Company, Appellant).

*Opinion filed October 19, 1979.—Rehearing
denied November 30, 1979.*

Schaffenegger, Watson & Peterson, Ltd., of Chicago (Jack L. Watson, of counsel), for appellant.

Cooney & Stenn, of Chicago (William J. Harte, of counsel), for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, John W. Smith, appealed from the judgment of the circuit court of Cook County entered in favor of defendant, W. E. O'Neil Construction Company, upon allowance of its motion for summary judgment. The circuit court made the requisite findings (58 Ill. 2d R. 304(a)), the appellate court reversed and remanded (61 Ill. App. 3d 103), and we allowed defendant's petition for leave to appeal.

The relevant facts are adequately stated in the opinion of the appellate court and need not be repeated here.

Defendant and S. J. Groves & Sons Company, a Minnesota corporation, entered into a joint venture which undertook to construct the Salt Water Creek Reclamation Plant of the Metropolitan Sanitary District of Greater Chicago. The joint venture agreement, *inter alia,* provided: "Each of the Joint Venturers may supply equipment for the project by mutual consent and shall pay therefore [*sic*] at the rate of Sixty Five Per Cent (65%) of the latest A.E.D. rental rates as revised annually." Plaintiff, while employed by the joint venture, was struck by a truck leased by defendant to the joint venture and suffered injuries which resulted in the amputation of both his legs.

Plaintiff filed an application for adjustment of claim against the joint venture before the Illinois Industrial Commission, and instituted this action in the circuit court of Cook County against defendant and other parties not involved in this appeal. Plaintiff's cause of action against defendant was pleaded in three counts. Count I alleged violations of the Structural Work Act (Ill. Rev. Stat. 1973, ch. 48, par. 60 *et seq.*), count II charged defendant with negligence, and count III pleaded an action in strict liability by reason of defendant's having leased to the joint venture the vehicle which was allegedly defective and caused plaintiff's injuries. In its motion for summary judgment, defendant contended that plaintiff's cause of action against it was barred under the provisions of section 5 of the Workmen's Compensation Act "for the reason that the plaintiff is an employee of this defendant, within the meaning of said Workmen's Compensation Act, as a matter of law." The circuit court allowed defendant's motion for summary judgment and plaintiff appealed. Holding that section 5 of the Workmen's Compensation Act did not bar plaintiff's action because at the time of the injury he was employed by the joint venture and not by defendant, the appellate court reversed.

Section 5(a) of the Workmen's Compensation Act in

pertinent part provided:

> "(a) No common law or statutory right to recover damages from the employer, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice or recommendations for the employer or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury." Ill. Rev. Stat. 1973, ch. 48, par. 138.5.

Defendant contends that as a member of the joint venture it was liable for the payment of benefits awarded under the Workmen's Compensation Act to an employee of the joint venture, and that the provisions of section 5(a) which extended the "exclusive remedy" protection to directors and officers of corporate employers "would extend the same protection to the individual members of a joint venture." It argues, too, that defendant was entitled to the protection of the "exclusive remedy" provision of the Act for the reason that in addition to being a member of the joint venture it was also acting as its agent. It is plaintiff's position that even if section 5(a) confers upon defendant immunity to this action by reason of its being a member of the joint venture, as the lessor of the truck, it occupied a second status to which the immunity did not apply.

In *Harmon v. Martin* (1947), 395 Ill. 595, the court said:

> "A joint adventure is not regarded as identical with a partnership, although, generally speaking, it may be said that practically the only distinction between the two is that the former relates to a single specific enterprise or transaction, while the latter relates to a general

business of a particular kind." (395 Ill. 595, 612.) Ordinarily, a joint venture is an association of two or more persons to carry out a single enterprise for profit (*Ditis v. Ahlvin Construction Co.* (1951), 408 Ill. 416, 426), and the rights and liabilities of its members are tested by the same legal principles which govern partnerships. Section 9 of the Uniform Partnership Act (Ill. Rev. Stat. 1973, ch. 106½, par. 9) provides in pertinent part that "[e]very partner is an agent of the partnership for the purpose of its business," and it would appear that the members of a joint venture would occupy the same relationship with the joint venture. Insofar as the actions upon which counts I and II were based, defendant's duty to plaintiff, and any liability resulting from the breach thereof, would, as the agent of the joint venture, be coextensive with that of its principal, the joint venture. We hold, therefore, that as to the causes of action pleaded in counts I and II defendant, by reason of its status as a member of the joint venture, was entitled to the protection of section 5(a).

We consider next plaintiff's contention that defendant as lessor of the truck which caused plaintiff's injuries occupied a second capacity and in this role was not immune from suit under section 5 of the Workmen's Compensation Act. This theory, known as the "dual capacity doctrine," has been defined in the following terms: "[A]n employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer." (2A A. Larson, Workmen's Compensation sec. 72.80, at 14–112 (1976). See also Kelly, *Workmen's Compensation and Employer Suability: The Dual-Capacity Doctrine,* 5 St. Mary's L.J. 818 (1974).) Professor Larson explains that the decisive test in applying the dual capacity doctrine "is not concerned with

how separate or different the second function of the employer is from the first but with whether the second function generates obligations unrelated to those flowing from the first, that of employer." (2A A. Larson, Workmen's Compensation sec. 72.80, at 14—117 (1976).) A mere separate theory of liability against the same legal person as the employer is not a true basis for use of the dual capacity doctrine; the doctrine, instead, requires a distinct separate legal *persona.* (2A A. Larson, Workmen's Compensation sec. 72.80 (Supp. 1979).) Cited examples showing an employer in a dual capacity include: a shipowner employing stevedores (*Reed v. Steamship Yaka* (1963), 373 U.S. 410, 10 L. Ed. 2d 448, 83 S. Ct. 1349); a landowner employing persons to work on his property (*Marcus v. Green* (1973), 13 Ill. App. 3d 699); and a chiropractor treating his own employee's work-related injuries (*Duprey v. Shane* (1952), 39 Cal. 2d 781, 249 P.2d 8).

The allegedly defective truck which caused plaintiff's injuries was not a tool furnished by defendant as a member of the joint venture, but was equipment leased to the joint venture under the express terms of the joint-venture agreement. A lessor of a defective vehicle is held to the same strict liability standards as a manufacturer or seller. (*Crowe v. Public Building Com.* (1978), 74 Ill. 2d 10, 13; *Galluccio v. Hertz Corp.* (1971), 1 Ill. App. 3d 272.) The precise question presented is whether because, in addition to being the lessor of the vehicle involved, defendant was also a member of the joint venture by whom plaintiff was employed, it was immune to the liability imposed upon other lessors whose defective leased property causes injury.

In *Laffoon v. Bell & Zoller Coal Co.* (1976), 65 Ill. 2d 437, the court considered the question whether a contractor who, by reason of the provisions of section 1(a)(3) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.1(a)(3)), had been required to pay

compensation benefits to the employee of an uninsured subcontractor was thereby rendered immune to an action under the Structural Work Act brought by the employee to whom the benefits were paid. The court pointed out that to grant such immunity could result in an irrational and arbitrary classification in that two workmen, injured under precisely the same circumstances, one of whom was employed by a subcontractor with adequate workmen's compensation insurance and the other employed by a subcontractor with no insurance, would be subjected to different treatment in that the first employee could recover from the general contractor while the second employee could not. In our opinion the rationale of *Laffoon* is applicable here, and plaintiff's right to bring this action should not depend upon whether the truck which struck him was leased to his employer by one of its members or by a lessor with no other relationship to the joint-venture employer. Likewise, pursuing further the rationale of *Laffoon,* defendant's liability as a lessor of equipment should not be dependent upon whether it was solely a lessor or occupied the coincidental status of a member of the joint venture. As previously noted, earlier recognition in this jurisdiction of the concept of dual status is found in *Marcus v. Green* (1973), 13 Ill. App. 3d 699.

In *Econo Lease, Inc. v. Noffsinger* (1976), 63 Ill. 2d 390, 393, the court said:

"A motion for summary judgment will be granted if the pleadings, depositions, admissions and affidavits on file reveal that there is no genuine issue as to any material fact and that the movant is entitled to a judgment or decree as a matter of law. (Ill. Rev. Stat. 1975, ch. 110, par. 57(3); *Carruthers v. B. C. Christopher & Co.,* 57 Ill.2d 376.) A reviewing court must reverse an order granting summary judgment if it is deter-

mined that a material question of fact does exist."

Clearly there are material questions of fact to be determined here, and the circuit court improperly allowed defendant's motion for summary judgment.

For the reasons stated the judgment of the appellate court is affirmed.

*Judgment affirmed.*