FRANCES RUTHMAN, Ex'x of the Estate of Hyman Ruthman, Deceased, Plaintiff-Appellee, *v.* GUARANTEE INSURANCE AGENCY COMPANY, Defendant-Appellant.

First District (1st Division)    No. 79-2287

Opinion filed November 3, 1980.

Rotenberg & Schwartzman, of Chicago, for appellant.

Jerome A. Tatar, of Chicago (Fishman, Merrick & Perlman, P. C., of counsel), for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff's motion for summary judgment was granted in an action seeking specific performance of a contract. Defendant appeals and argues that the trial court erred in granting plaintiff's motion.

We affirm.

On January 10, 1969, Hyman Ruthman entered into a written subagent's agreement with Guarantee Insurance Agency Company (Guarantee). The second paragraph of the agreement which was the basis of this action provided as follows:

> "From the date of this contract, when the Agent has transacted business on a full time basis for a period of one year, and as long as there are at least One Hundred (100) Policies in force, he will be paid upon termination a Five Percent (5%) renewal."

Ruthman performed the duties required until September 12, 1977, at which time he became disabled and unable to work on a full-time basis. Guarantee then began payment of the renewal commissions as provided for in paragraph two noted above. Upon Ruthman's death, Guarantee ceased the renewal commission payments.

Consequently, Frances Ruthman, as executrix of the estate of Hyman Ruthman, brought this action against Guarantee seeking the payment of commissions which accrued after Hyman's death. She alleged that more than 100 policies had been in force from the time of Hyman's death until the action was filed and that Guarantee had breached the contract by failing to make payments after his death.

In its answer to the complaint, Guarantee denied breaching the contract. Later, in support of its answer to plaintiff's motion for summary judgment, Guarantee submitted the affidavit of its president Nathan Freedman. The affidavit stated in part that it was the custom of the insurance industry and of Guarantee to discontinue commissions on renewal premiums after the agent's death unless the contract specifically provided otherwise.

Guarantee argues that the affidavit raised an issue regarding the construction of the agreement's second paragraph and that the trial court therefore erred in granting plaintiff's motion for summary judgment.

The affidavit states the customs of the insurance industry. The general rules of contract construction provide that evidence of custom is admissible only to explain uncertain or ambiguous terms. (*Quilico v. Union Oil Co.* (1978), 58 Ill. App. 3d 87, 374 N.E.2d 219; *Perlman v. First National Bank* (1973), 15 Ill. App. 3d 784, 305 N.E.2d 236.) The same authority states that custom and usage is inadmissible to explain clear and unambiguous terms. In the latter situation, the instrument itself is the sole source of the intent of the parties. *La Throp v. Bell Federal Savings & Loan Association* (1977), 68 Ill. 2d 375, 370 N.E.2d 188, *cert. denied* (1978), 436 U.S. 925, 56 L. Ed. 2d 768, 98 S. Ct. 2818.

■■ Paragraph two of the agreement here in question is unambiguous. It clearly provides that the renewal commissions were to be paid so long as 100 policies were in force. The evidence of custom stated in the affidavit therefore could not be considered and no issue regarding the construction of the provision was thereby raised.

■■ We further find that the trial court properly granted plaintiff's motion for summary judgment. Such motion is granted if the pleadings, depositions, admissions and affidavits on file do not reveal a genuine issue of material fact. (*Smith v. Metropolitan Sanitary District* (1979), 77 Ill. 2d 313, 396 N.E.2d 524.) Here, Guarantee was required to pay the renewal commissions as long as 100 policies were in force. Guarantee never denied that 100 policies were in force from the time of Ruthman's death until the time the action was filed. Therefore there was no issue as to Guarantee's duty to pay the renewal commissions after Ruthman's death.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.