■ In the Matter of the Claim of ROBERT ALLEN, Deceased, by his Widow, MONICA A. CASTNER, Appellant, v AMERICAN AIRLINES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal by the claimant from a decision of the Workers' Compensation Board, filed April 25, 1979, which affirmed a referee's decision disallowing the claim. The decedent, Robert Allen, was a copilot in the employ of American Airlines. On October 20, 1971, in the course of a company required annual physical exam, decedent's chest was X-rayed. The examining physician, who was also in the employ of American Airlines, interpreted the X ray as being within normal limits. On January 22, 1972, decedent was examined by his private physician. X rays taken at that time revealed the presence of a mass in the chest area. Shortly thereafter surgery was performed for the removal of a tumor designated a malignant carcinoma. On April 10, 1972 decedent was examined and cleared for flight duty by American Airlines. He expired on June 14, 1972 of a malignant teratomatosis. Dr. Rapaport, a radiologist, testified that the X rays taken on October 20, 1971 and those taken on January 22, 1972 were virtually carbon copies. Dr. Rapaport testified that the failure to observe the mass in the earlier X ray fell below the level of accepted standards of practice. The board ruled that "based on Dr. Econ's testimony * * * claimant sustained neither an accident or occupational disease within the meaning of the Workers' Compensation Law." Appellant contends that the failure to properly interpret the X ray constituted an industrial accident. We disagree. The decision of the board is supported by substantial evidence and should be affirmed. Appellant's reliance on *Golini v Nachtigall* (38 NY2d 745), *Garcia v Iserson* (33 NY2d 421) and *Schulz v Wyckoff Hgts. Hosp.* (51 AD2d 1026) is misplaced. In each of these cases, treatment was rendered for a

work-connected malady. Here, the X ray taken by Dr. Econ was as a result of a routine physical examination and not in the course of either treatment or examination for a work-related injury or condition. In the absence of the employer's participation going beyond mere examination to some kind of active conduct or attempted treatment aggravating the noncompensable condition, the incident in most cases will be found to be noncompensable (see 2A Larson, Workmen's Compensation Law, § 68.35, pp 13-39, 13-40). Appellant also cites *Liantonio v Baum* (91 Misc 2d 433), but in that case the employee visited the employer's physician for purposes of treatment for a work-related shoulder pain. He was examined for purposes of treatment and his injury was diagnosed as a "strained muscle, right arm." A cell tumor in the right humerus was missed and later discovered. The situation at bar is distinguishable (see *Wojcik v Aluminum Co. of Amer.*, 18 Misc 2d 740). Decision affirmed, without costs. Mahoney, P. J., Greenblott, Main and Mikoll, JJ., concur; Staley, Jr., J., not taking part.