LUCIUS McNEIL, a/k/a Lucius J. Harris, Jr., Indiv. and as Father and Next Friend of Lucius McNeil, Jr., a Minor, Plaintiff-Appellant, *v.* WILLIS G. DIFFENBAUGH, M.D., *et al.*, Defendants-Appellees.

First District (5th Division)    No. 80-2195

Opinion filed March 26, 1982.

Richard I. Bass & Associates, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Mark C. Fedota and Ruth E. Van Demark, of counsel), for appellee Willis G. Diffenbaugh, M.D.

Lord, Bissell & Brook, of Chicago, for appellee South Chicago Community Hospital.

Jacobs, Williams & Montgomery, Ltd., of Chicago, for appellee George McNeil Teaming Company, Inc.

Hersch Y. Franks, of Chicago (Hugh C. Griffin and Barry L. Kroll, of counsel), for appellee Fernando Jordan Pascual, M.D.

JUSTICE WILSON delivered the opinion of the court:

Plaintiff appeals from orders of the trial court striking and dismissing certain counts of a multicount complaint. On appeal, he presents these issues for review that: (1) the complaint states a cause of action against the company physician for malpractice in failing to diagnose and treat a condition not related to an accident arising out of and in the course of plaintiff's employment; and (2) the complaint states a cause of action on behalf of a minor son for a parental loss of consortium action. We affirm with the pertinent facts following.

Plaintiff filed a multicount negligence action alleging that on September 24, 1977, he was lawfully performing his duties for his employer, Montgomery Ward & Company Inc. (Ward), when he slipped and injured his back while unloading a semi-trailer owned by defendant McNeil Teaming Company, Inc.

The plaintiff alleges that following the accident, he came under the care of Dr. Willis G. Diffenbaugh, a physician and fellow employee at the Ward's Medical Facility. In the course of treatment by Dr. Diffenbaugh for his injury, plaintiff alleges that Dr. Diffenbaugh failed to diagnose or treat an existing tumor in the same "upper mid-back" region as the injury, and failed to diagnose "multiple myeloma in his back." The complaint also alleges that plaintiff was placed under the care of defendant Dr. Fernando Pascual at South Chicago Community Hospital for diagnosis and treatment of the injury arising from the September 24, 1977, incident. Dr. Pascual and the hospital staff also failed to diagnose the tumor and the multiple myeloma condition. Plaintiff now is paralyzed as a result of the myeloma and terminally ill. On behalf of his minor son, plaintiff alleges that his child was deprived of his support and parental care and companionship.

The trial court dismissed counts I, II and V of the complaint as to Dr. Diffenbaugh and dismissed all counts in which plaintiff sued as father and next friend of his minor son. This appeal follows.

OPINION

Plaintiff asserts that the complaint stated a cause of action against the company physician which was not barred by the exclusive remedy provision of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138 *et seq.*).

The Workmen's Compensation Act provides in pertinent part that:

> "No common law or statutory right to recover damages from the employer, his insurer * * * or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to anyone wholly or partially dependent upon him * * * or any one otherwise entitled to recover damages for such injury." (Ill. Rev. Stat. 1977, ch. 48, par. 138.5(a).)

Thus, a common law action by one employee against a negligent co-employee, both of whom are covered by the Act, is barred by this section. *O'Brien v. Rautenbush* (1956), 10 Ill. 2d 167, 139 N.E.2d 222.

■■ It is plaintiff's contention that his cancer was a pre-existing condition which did not occur while he was engaged in the course of his employment; but his claim is based upon a wholly independent tort of medical malpractice for failing to diagnose the malignant tumor on his back while treating the back injury. It is the status of the person injured at the time of the injury, not the nature or source of the injury, that determines the exclusive application of the Act. (*Ferguson v. Roundtable Motor Lodge* (1980), 83 Ill. App. 3d 331, 404 N.E.2d 1039.) It is undisputed that at the time of plaintiff's back injury he was an employee of Ward performing his lawful duties and that he came under co-employee Diffenbaugh's care for treatment of this injury. Diffenbaugh's "negligence" in failing to diagnose plaintiff's cancer "arose out of" and "in the course of" both their employment at Ward. "In the course of employment" relates to the time, place and circumstances of the injury, while "arising out of the employment" refers to the requisite causal connection between the injury and the employment. (*Martin v. Kralis Poultry Co.* (1973), 12 Ill. App. 3d 453, 297 N.E.2d 610.) Thus, the exclusiveness of the Act precludes a common law action for damages by an employee against a co-employee based on the latter's negligence during the course of their employment. *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 408 N.E.2d 198.

Moreover, the Act applies to aggravation of an injury caused by medical treatment. (See *Komel v. Commonwealth Edison Co.* (1977), 56 Ill. App. 3d 967, 372 N.E.2d 842, where plaintiff argued that his back injury which had been aggravated by the negligent medical treatment of a co-employee physician was not incurred while he was performing his

duties as an employee within the meaning of section 5(a) of the Act.) Similarly, in *Collier v. Wagner Castings Co.*, our supreme court has upheld the application of the Act to intentionally inflicted injuries by co-employees if they arose out of and in the course of employment.

The situation presented here is very similar to a New York Workmen's Compensation action, *Liantonio v. Baum* (Sup. Ct. 1977), 91 Misc. 2d 433, 398 N.Y.S.2d 111, *order vacated on other grounds* (Sup. Ct. 1978), 95 Misc. 2d 636, 408 N.Y.S.2d 257.[1] In this case, plaintiff was seen by a co-employee physician for pain in his right shoulder. The diagnosis was "strained muscle, right arm"; however after plaintiff underwent surgery a few months later, the pathological report "revealed a large cell tumor in plaintiff's right humerus." Plaintiff alleged there, as plaintiff in the instant case alleges, negligence on the part of the physician for failing to detect the tumor. He also argued that his action was not precluded by the Workmen's Compensation Act in that the tumor did not come about as a result of his employment activities. The New York court found that the misdiagnosis of plaintiff's pre-existing condition and defendant's failure to properly treat plaintiff was incidental to and arose out of his employment. Thus, the injury was governed by the Workmen's Compensation Act, which prohibited plaintiff's action for malpractice.

■■ We are likewise compelled to conclude that plaintiff's injury in the instant case is a compensable injury under the Act and he is precluded from asserting an independent action against Diffenbaugh.

Part and parcel of plaintiff's argument is that Diffenbaugh would be liable under (1) the "dual capacity doctrine" whether that doctrine is applied to the employer or to a co-employee; and (2) a company physician is an independent contractor in exercising his medical judgment and skills.

■■ The dual capacity doctrine was applied in *Smith v. Metropolitan Sanitary District* (1979), 77 Ill. 2d 313, 396 N.E.2d 524, where our supreme court stated that " '* * * an employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer.' " (77 Ill. 2d 313, 318.) Where, however, an employer is providing medical services to his employees as required by the Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.8(a)), this doctrine would not apply as the medical services are rendered in response to the Act in its capacity as an employer. (*McCormick v. Caterpillar Tractor Co.* (1981), 85 Ill. 2d 352, 423 N.E.2d 876.) Thus it would appear that where Ward

---

[1] The New York Workmen's Compensation Law, section 29(6), also bars common law actions for negligence against co-employees if the injury arises out of plaintiff's employment.

hired physicians to staff its medical facility, it was meeting its obligation under the Act of providing medical services to its employees and the dual capacity doctrine would be inapplicable to both employer *and employee-physician* who is performing his lawful duties for the employer. The court in *McCormick* distinguished *Duprey v. Shane* (1952), 39 Cal. 2d 781, 249 P.2d 8, relied on by plaintiff in support of his "dual capacity" argument. In *Duprey*, plaintiff was a practical nurse who was treated by her employer and a co-employee, both chiropractors, for an injury suffered in the course of her employment. Our supreme court stated that the doctor in *Duprey* treated the injury not " '* * * because of the employer-employee relationship, but did so as an attending doctor, and his relationship to * * * [plaintiff] was that of doctor and patient.' " 85 Ill. 2d 352, 359.

Nor has the dual-capacity doctrine been expanded to include private company physicians under the Workmen's Compensation Act. The cases cited by plaintiff, *Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 372 N.E.2d 1131, and *Watson v. St. Annes Hospital* (1979), 68 Ill. App. 3d 1048, 386 N.E.2d 885, involve public entities and deal with public official immunity rather than immunity under the Workmen's Compensation Act. ■■ Similarly, plaintiff's theory of a company physician being an "independent contractor" in exercising his medical judgment and duties must also fail. As we noted in *Komel v. Commonwealth Edison Co.*, the Act did not distinguish between classes of employees covered by the Act. And further, "the Act did not arbitrarily violate equal protection in classifying physicians with other employees as immune." (56 Ill. App. 3d 967, 974.) Thus, a company physician is a co-employee while treating another employee for injuries arising out of and in the course of employment and would be immune from malpractice actions.

■■ Finally, plaintiff asserts that an action should be maintained on behalf of his minor son for loss of support. We have recently considered this issue and rejected arguments in favor of allowing this type of claim in *Koskela v. Martin* (1980), 91 Ill. App. 3d 568, 414 N.E.2d 1148, which is controlling and dispositive of this aspect of plaintiff's appeal.

For the foregoing reasons, we affirm the orders of the trial court.

Affirmed.

LORENZ and MEJDA, JJ., concur.