SYLVIA BOTWINICK et al., Appellants, v HERBERT S. OGDEN et al., Respondents, et al., Defendants.

First Department, June 15, 1982

APPEARANCES OF COUNSEL

*Emilio Nunez* of counsel (*Pamela Anagnos Liapakis* with him on the brief; *Lipsig, Sullivan & Liapakis, P.C.*), for appellants.

*Marshal S. Endick* of counsel (*Wilson, Elser, Edelman & Dicker,* attorneys), for respondents.

**OPINION OF THE COURT**

MILONAS, J.

Plaintiffs-appellants commenced an action against Conde Nast Publications, Inc. (Conde Nast), Dr. Herbert Ogden, and others for personal injuries allegedly sustained by plaintiff Sylvia Botwinick as a result of medical malpractice which occurred during the time she worked for Conde Nast. In September of 1977, Conde Nast offered its employees, including Botwinick, the opportunity to have chest X rays taken and reviewed as part of a general physical examination program available at the company. Botwinick thereupon underwent the X-ray procedure in

September of 1977 and again in July of 1979. It is claimed that Conde Nast and Dr. Ogden, a physician in its employ, represented to Botwinick that if the medical test revealed anything wrong, she would be notified of that fact within three days of the examination. Since Botwinick was never informed of any abnormality, she assumed that there was no problem.

Subsequently, plaintiff was diagnosed to be suffering from terminal cancer of the lungs with metastatic spread of the disease to her bones, spine, ribs and right shoulder. She contends that the two chest X rays performed in 1977 and 1979 clearly disclose evidence of a carcinogenic cellular condition and that she relied to her detriment on Dr. Ogden's expertise and diligence. She further asserts that except for Dr. Ogden's negligence, her illness would have been discovered two years earlier and her chances of recovery would, accordingly, have been considerably higher.

Defendants Conde Nast and Ogden moved to dismiss the complaint on the ground that the court lacked subject matter jurisdiction in that at the time of the malpractice Botwinick and Dr. Ogden were both employed by Conde Nast, that Dr. Ogden does not treat members of the public and that, therefore, plaintiff's sole and exclusive remedy was pursuant to subdivision 6 of section 29 of the Workers' Compensation Law, which provides that: "The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ."

In granting dismissal, Special Term accepted the reasoning advanced by the defendants. The court relied upon *Garcia v Iserson* (33 NY2d 421) wherein the Court of Appeals held that an individual's exclusive remedy for injuries received by him from an injection allegedly administered in a negligent manner by the defendant doctor was under the Workers' Compensation Law. In that case, the plaintiff was treated in an infirmary located on his employer's premises by a physician also on the company's payroll. According to the court, at issue was a professional service available only to the employer's workers and not to members of the public and, therefore, such professional service

was incidental to the plaintiff's employment. (See, also, *Golini v Nachtigall,* 38 NY2d 745.)

However, in *Matter of Allen v American Airlines* (78 AD2d 917) the court, in a situation closely analogous to the one here, found both *Golini v Nachtigall (supra)* and *Garcia v Iserson (supra)* distinguishable. In *Allen,* the decedent had been an American Airlines copilot who, in the course of a company required annual physical examination, received a chest X ray. The doctor who interpreted the X rays was also employed by American Airlines, and he reported the results as being within the normal range. Some three months afterwards, the decedent was examined by his personal physician. X rays taken at that time, which were later described as virtually identical to the previous set, disclosed the presence of a mass in the chest area. Surgery was subsequently performed, and a malignant tumor was removed. Following the decedent's death, his widow filed for workers' compensation benefits. The board, in rejecting her claim, concluded that the decedent had not sustained an accident or occupational disease within the meaning of the Workers' Compensation Law.

On appeal, the court upheld the agency's determination, stating that unlike *Golini v Nachtigall (supra)* and *Garcia v Iserson (supra)* where treatment had been rendered for a work-related malady, the X-ray test in question was part of a routine physical examination and was not made in connection with the treatment or examination of a work-related injury or condition. According to the court: "In the absence of the employer's participation going beyond mere examination to some kind of active conduct or attempted treatment aggravating the noncompensable condition, the incident in most cases will be found to be noncompensable". (*Matter of Allen v American Airlines, supra,* at p 918.)

The Workers' Compensation Board, in a decision affirmed on appeal, having already ruled against the claimant in a fact pattern extremely similar to that in the instant case, there is no reason to suppose that the board would be anymore favorably disposed toward Botwinick. The appropriateness of its position is further buttressed by subdivision 7 of section 2 of the Workers' Compensation Law, which contains the following definition: " 'Injury'

and 'personal injury' mean only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom."

Thus, in order to be eligible for workers' compensation payments, the professional services received by a covered individual must be available only to the employer's workers and not to members of the general public (the standard enunciated in *Garcia v Iserson, supra*), and the injuries suffered from the allegedly negligent performance of those services must, however tangentially, be somehow work related. Otherwise, the remedy must lie in a suit for damages. Since there is no indication that Botwinick's injury was in any way connected to, or derived from, her employment, the court below was in error in dismissing appellants' malpractice action.

Order of the Supreme Court, New York County (SINCLAIR, J.), entered March 10, 1981, which dismissed plaintiffs' complaint as against defendants Herbert S. Ogden and Conde Nast Publications, Inc., and severed the action accordingly, should be reversed, on the law, without costs, and the motion to dismiss should be denied.

Ross, J. P., CARRO, LUPIANO and FEIN, JJ., concur.

Order, Supreme Court, New York County, entered on March 10, 1981, unanimously reversed, on the law, without costs and without disbursements, and the motion to dismiss the complaint as against defendants-respondents denied.