JOHN W. UNGER, M.D., Plaintiff-Appellant, *v.* CONTINENTAL ASSURANCE COMPANY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 83—1083

Opinion filed March 8, 1984.

William D. Maddux & Associates, of Chicago (William D. Maddux and Bruce Lane, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Stephen R. Swofford, Milo W. Lundblad, Stephen D. Davis, and Joshua G. Vincent, of counsel), for appellees.

JUSTICE JIGANTI delivered the opinion of the court:

The issue central to this action is whether the medical malpractice claim of the plaintiff, John W. Unger, is barred by the exclusive remedy provision of the Workers' Compensation Act. (Ill. Rev. Stat. 1981, ch. 48, par. 138.5(a).) The plaintiff alleged that while he was employed by Continental Assurance Company (CAC), he received a physical examination. The examination was performed by the plaintiff's co-employee, defendant Dr. Carl R. Hines, who allegedly failed to diagnose the plaintiff's lung cancer until repeat chest X rays were taken almost one year after the initial examination. The plaintiff filed suit against Hines and against CAC as the alleged employer of Hines. After the statute of limitations had expired on the plaintiff's claim, CAC answered and denied that it was the employer of either the plaintiff or Hines. Thereafter, with leave of court, the plaintiff filed his first amended complaint which added Continental Casualty Company (CCC) as an additional defendant and alleged that the plaintiff and Hines were employed by both CAC and CCC.

The trial court granted summary judgment in favor of Hines, finding that the plaintiff's cause of action was barred by the exclusive remedy provision of the Workers' Compensation Act. Summary judgment was also granted in favor of CAC because the trial court found that it was not the employer of Hines. CCC was dismissed as a defendant on the basis that the plaintiff's failure to name it within the statute of limitations was not inadvertent. The plaintiff now appeals the orders entered in favor of all three defendants.

■ We find that the plaintiff's claims were barred by the exclusive remedy provision of the Workers' Compensation Act. It is therefore unnecessary for this court to identify or address two other issues which have also been raised by the plaintiff on appeal.

The Workers' Compensation Act bars a common law action by an employee against his employer or co-employees "for injury or death sustained by any employee while engaged in the line of his duty as such employee ***." (Ill. Rev. Stat. 1981, ch. 48, par. 138.5(a).) "Line of duty" injuries are those which "arise out of and in the course of employment." (See *McCormick v. Caterpillar Tractor Co.* (1981), 85 Ill. 2d 352, 423 N.E.2d 876; *McNeil v. Diffenbaugh* (1982), 105 Ill. App. 3d 350, 434 N.E.2d 377; *Komel v. Commonwealth Edison Co.* (1977), 56 Ill. App. 3d 967, 372 N.E.2d 842.) If an injury is found to have occurred in the "line of duty," it is compensable under the Act. See *Sjostrom v. Sproule* (1965), 33 Ill. 2d 40, 210 N.E.2d 209.

In the case at bar, the plaintiff maintains that his is not a "line of duty" injury compensable under the Act because it is not what he terms a "work-related" condition or an injury that occurred "in connection with the treatment or examination of a work-related injury or condition." Consequently, the plaintiff contends that the Act does not bar his medical malpractice action against the defendant doctor. In contrast, the defendants argue that the plaintiff suffered a "line of duty" injury because his physical examination was performed by a co-employee and took place on the company premises during business hours. The defendants further point out that the physical was causally connected to the plaintiff's employment because the plaintiff was told by his supervisor that he would be fired if he did not have a physical.

Two factual situations similar to the one presented in the case at bar have been addressed by the courts of Illinois. In *McCormick v. Caterpillar Tractor Co.* (1981), 85 Ill. 2d 352, 423 N.E.2d 876, the plaintiff injured his foot during the course of his employment and was treated by co-employee physicians on the company premises. The company physicians misdiagnosed the plaintiff's injury and consequently aggravated the condition. The Illinois Supreme Court held that the

Workers' Compensation Act provided the sole means of recovery for the plaintiff's injury and that the plaintiff could not pursue a common law malpractice remedy against his employer for the alleged negligence of its employee physicians.

Similarly, in *McNeil v. Diffenbaugh* (1982), 105 Ill. App. 3d 350, 434 N.E.2d 377, the plaintiff injured his back during the course of his employment and visited his co-employee physician on the company premises. The plaintiff alleged that during the course of his treatment by the doctor, the doctor failed to diagnose or treat an existing tumor that was present in the same area where he had injured his back. The appellate court found that the plaintiff's medical malpractice action against the company physician was barred by the exclusive remedy provision of the Workers' Compensation Act. In reaching its holding, the court stated:

> "It is the status of the person injured at the time of the injury, not the nature or source of the injury, that determines the exclusive application of the Act. (*Ferguson v. Roundtable Motor Lodge* (1980), 83 Ill. App. 3d 331, 404 N.E.2d 1039.) *** 'In the course of employment' relates to the time, place and circumstances of the injury, while 'arising out of the employment' refers to the requisite causal connection between the injury and the employment. (*Martin v. Kralis Poultry Co.* (1973), 12 Ill. App. 3d 453, 297 N.E.2d 610.) Thus, the exclusiveness of the Act precludes a common law action for damages by an employee against a co-employee based on the latter's negligence during the course of their employment." 105 Ill. App. 3d 350, 352, 434 N.E.2d 377, 380.

In the instant case, the injury complained of by the plaintiff is the defendant doctor's alleged failure to properly diagnose the plaintiff's lung cancer. The only real distinction between this case and *McNeil* is that the *McNeil* plaintiff initially visited the company physician for treatment of a work-related injury while the plaintiff in this case visited the company physician for the sole purpose of having a physical examination which was required by the employer. However, as we shall discuss below, we believe that this distinction is irrelevant where the doctor's alleged negligence "arose out of" and "in the course of" both the plaintiff's and the doctor's employment and where the instant plaintiff occupied the status of employee at the time of his injury.

" 'In the course of employment' relates to the time, place and circumstances of the injury." (*McNeil v. Diffenbaugh* (1982), 105 Ill. App. 3d 350, 352, 434 N.E.2d 377, 380.) In the instant case, the company

doctor's alleged negligence occurred during working hours on the company premises. Furthermore, at the time of the injury, both the plaintiff and the doctor were acting as employees. The circumstances surrounding the injury centered upon a physical examination required of company employees which had been sponsored and conducted by the plaintiff's and the doctor's employer for several years. We believe these facts are sufficient to prove that the plaintiff's injury occurred "in the course of" his employment.

" '[A]rising out of the employment' refers to the requisite causal connection between the injury and the employment." (*McNeil v. Diffenbaugh* (1982), 105 Ill. App. 3d 350, 352, 434 N.E.2d 377, 380.) We believe that a sufficient causal connection was demonstrated in this case because it was undisputed that the plaintiff was told that he would be fired from his job if he did not complete a physical examination. Further, the physical examination was obviously provided to employees for the benefit of the employment relationship. Specifically, the employee would benefit by having his physical condition examined by a physician and the employer would benefit by ensuring the continued good health of the employees in whom the employer had invested time, training and money. We think these facts amply demonstrate that the plaintiff's injury in this case "arose out of" his employment.

■ Furthermore, under *McNeil*, "It is the status of the person injured at the time of the injury, not the nature or source of the injury, that determines the exclusive application of the Act." (*McNeil v. Diffenbaugh* (1982), 105 Ill. App. 3d 350, 352, 434 N.E.2d 377, 380.) Where we believe that the instant plaintiff occupied the status of employee at the time of his injury, we find the reason he was compelled to visit his company doctor, for a physical examination rather than for a work-related injury, to be immaterial under *McNeil*. We therefore find that the plaintiff's medical malpractice case against both the defendant doctor and his alleged employers was barred by the exclusive remedy provision of the Workers' Compensation Act. Because we believe that the employers can in no event be held liable to the plaintiff under a common law theory of malpractice, it is unnecessary for this court to consider the remaining issues which pertain to the dismissal of CCC as a party and to the summary judgment entered in favor of CAC.

■ As a final matter, the plaintiff raises certain arguments concerning the dual capacity doctrine in its reply brief on appeal. However, because this issue was not properly raised in the plaintiff's initial brief, we shall not consider the merits or ramifications of such an argument in this opinion. See 87 Ill. 2d R. 341(e)(7), (g).

For the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.

LINN, P.J., and ROMITI, J., concur.