814 P.2d 783

**FIRST STATE SERVICE CORPORA-
TION, an Arizona corporation,
Plaintiff/Appellee,**

v.

**HECTOR'S CONCRETE CONSTRUC-
TION, INC., an Arizona
corporation, Defendant/Appellant.**

**No. 2 CA–CV 91–0012.**

Court of Appeals of Arizona,
Division 2, Department A.

June 6, 1991.

Miller, Pitt & McAnally by Gerald Maltz and Andrea C. Weinstein, Tucson, for plaintiff/appellee.

Mesch, Clark & Rothschild by Douglas H. Clark, Jr., Tucson, for defendant/appellant.

OPINION

LIVERMORE, Presiding Judge.

In 1980 plaintiff First State Service Corporation and Herder Construction Company formed a joint venture to build homes on property to be purchased by the venture in the Catalina Foothills. The issue in this case is whether a creditor of Herder, on a claim unrelated to the activities of the joint venture, can execute on Herder's interest in property titled in the name of the joint venture. If Herder is treated as a tenant in common, such execution is possible. If, however, a joint venture is treated as a partnership, a separate legal entity, such execution is forbidden under A.R.S. § 29–225. The trial court in a quiet title action brought against the creditor, defendant Hector's Concrete Construction, Inc., held that the joint venture was to be treated as a partnership, thus precluding execution. We agree and affirm.

There can be no question that the purpose of the joint venture was to purchase property, build homes upon it, and sell those homes for profit. It fits squarely, therefore, within the language of A.R.S. § 29–206: "A partnership is an association of two or more persons to carry on as co-owners a business for profit." Property acquired by the venture is partnership property under § 29–208 and is subject to execution only for claims against the partnership under § 29–225. While Hector's argues that a joint venture is not to be treated as a partnership, the law is otherwise. As stated in Crane & Bromberg, Partnership § 35 (1968):

A joint venture is an association created by co-owners of a business undertaking, differing from partnership (if at all) in having a more limited scope. In all important respects, the joint venture is treated as a partnership.

See also 1 A. Bromberg & L. Ribstein, Partnership § 2.06 (1988); *Federal Deposit Ins. Corp. v. Braemoor Associates,* 686

F.2d 550 (7th Cir.1982); *Bank of California v. Connolly,* 36 Cal.App.3d 350, 111 Cal.Rptr. 468 (1973); *Smith v. Metropolitan Sanitary District,* 77 Ill.2d 313, 33 Ill.Dec. 135, 396 N.E.2d 524 (1979). We see nothing in the facts of this case to cause us to depart from the hornbook rule.

Affirmed. Appellee is awarded its attorneys' fees on appeal under A.R.S. § 12–1103(B) in an amount to be determined upon filing the statement required by Rule 21, Ariz.R.Civ.App.Proc., 17B A.R.S.

FERNANDEZ and LACAGNINA, JJ., concur.