JOHN AMBUUL, Plaintiff-Appellee, v. JACK SWANSON, Defendant-Appellant.

First District (1st Division)   No. 86—1644

Opinion filed October 19, 1987.

Gregory Prosen and Loretta Kilday, both of Chicago, for appellant.

Law Offices of Richard J. Horka, of Burnham, for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, John Ambuul, brought an action seeking an accounting and dissolution of partnership against defendant, Jack Swanson. The trial court entered judgment in favor of plaintiff and made a specific finding that a joint venture existed between the parties. Defendant appeals from the order of the trial court, contending that the finding of the existence of a joint venture was against the manifest weight of the evidence.

The defendant, a bank loan officer, had a plan to purchase old buildings, rehabilitate the buildings, and sell them for a profit. Plaintiff is a used car dealer who had prior business dealings with defendant. The defendant informed the plaintiff that he knew of a single-

family home in Harvey, Illinois, which was for sale by a savings and loan association and which was in need of rehabilitation. Defendant did not have the cash to purchase the home and the savings and loan which owned the property was unwilling to finance the purchase. Plaintiff and defendant had several meetings during the autumn of 1981 during which they discussed purchasing and rehabilitating the building. Defendant informed the plaintiff that he had experience and expertise in the rehabilitation of houses but needed capital to make the purchase of the Harvey home. Defendant estimated that rehabilitation of the building would take three to six months. Plaintiff agreed to advance $11,000 toward the purchase price and rehabilitation costs of the building. Plaintiff testified that the oral representations of the parties were that plaintiff would supply the capital for the purchase and renovation of the building, defendant would use his experience and expertise and would perform the necessary labor, and that the parties would divide any resulting profits from the sale of the building equally.

On December 31, 1981, plaintiff delivered $11,000 to defendant and at that time the parties signed a written agreement which was prepared by defendant. Under the terms of the written agreement, if the building was sold on or before March 31, 1982, plaintiff was to be paid his original investment of $11,000 plus $5,000 upon closing. If the building was refinanced by the owners prior to March 31, 1982, plaintiff was to be paid 15% of the net proceeds from the sale less his initial investment of $11,000 upon closing. Plaintiff testified that he considered the written agreement a short-term interim agreement.

In January 1982, defendant purchased the Harvey home for $6,000. Defendant did not inform the plaintiff of the details of this transaction and plaintiff did not participate in the closing of the sale. Title to the property was held in the name of the defendant and his wife. The parties did not establish any joint checking accounts or adopt a partnership name. After the property was purchased and renovation begun, defendant informed the plaintiff that the building should be occupied to facilitate refinancing and plaintiff approved rental of the building. Defendant found tenants and entered into leases with them. Janine Swanson, the wife of defendant, performed the rehabilitation work on the building or paid workmen to help her do the work. Plaintiff testified that from January 1982 to May 1984, he often asked defendant about the progress of the renovation or refinancing of the building and defendant was unresponsive. The property was resold in May 1984 for approximately $40,000. Thereafter, this cause of action was brought by plaintiff for dissolution of a part-

nership, an accounting and distribution of assets.

At issue in this appeal is whether a joint venture was created by the parties. The existence of a joint venture may be inferred from facts and circumstances showing such an enterprise was in fact entered into (*Polikoff v. Levy* (1965), 55 Ill. App. 2d 229, 204 N.E.2d 807, *cert. denied* (1965), 382 U.S. 903, 15 L. Ed. 2d 156, 86 S. Ct. 237) and the intent of the parties is the most significant element. (*Maimon v. Telman* (1968), 40 Ill. 2d 535, 240 N.E.2d 652; *Russell v. Klein* (1975), 33 Ill. App. 3d 1005, 339 N.E.2d 510.) In general, the following elements are determinative of such an intent: (1) an express or implied agreement to carry on some enterprise; (2) a manifestation of intent by the parties to be associated as joint venturers; (3) a joint interest as shown by the contribution of property, financial resources, effort, skill or knowledge by each joint venturer; (4) some degree of joint proprietorship or mutual right to exercise control over the enterprise; and (5) provision for the joint sharing of profits and losses. *Pros v. Mid-America Computer Corp.* (1986), 142 Ill. App. 3d 453, 491 N.E.2d 851; *Richton v. Farina* (1973), 14 Ill. App. 3d 697, 303 N.E.2d 218.

There is no dispute between the parties here that both plaintiff and defendant contributed resources to the project at hand. Plaintiff contributed the capital of $11,000 and defendant contributed his knowledge, experience, time and labor. There is disagreement between the parties, however, as to the existence of certain of the required elements to establish the intent of the parties to prove the existence of a joint venture. Defendant relies upon the written agreement entered into by the parties to show that the requirements for a joint venture were not met. Plaintiff responds that this written agreement was prepared and produced by defendant only when he requested a receipt for his $11,000 investment and he understood the agreement to be an interim agreement between the parties. Plaintiff further stated that the written agreement did not incorporate the oral terms agreed to by the parties for the joint venture. In reviewing the written agreement, we note that it failed to address the rights and responsibilities of the parties in the event the joint venture lasted beyond March 31, 1982, as was the case. As a result, we do not find that the terms of the agreement are dispositive of whether a joint venture existed to the exclusion of the oral terms agreed to by the parties. With this determination in mind, we shall examine the specific arguments raised by defendant.

Defendant argues that plaintiff did not have a proprietary interest in the building since plaintiff was not listed as an owner in the

written agreement nor was his name listed on the title to the building. It is, however, the nature of the enterprise undertaken that controls and not the form of the agreement in determining whether a joint venture exists. (*Ditis v. Ahlvin Construction Co.* (1951), 408 Ill. 416, 97 N.E.2d 244.) It has been held that an equitable interest in real estate is sufficient to constitute a proprietary interest. (408 Ill. 416, 97 N.E.2d 244.) We do not find the form of the title controlling here or the undisputed fact that plaintiff did not participate in the process of acquiring the property as providing sufficient proof that there was no proprietary interest on the part of plaintiff. In our judgment, plaintiff obtained an equitable proprietary interest in this venture by his contribution of funds to purchase the property where the oral agreement of the parties was that the funds would be used by defendant in the acquisition and renovation of the property to make a profit on resale.

Defendant also contends that a joint venture did not exist since plaintiff had no right to control the management of the building. The legal requirement of a right to management or control has been interpreted as requiring some right by the parties to direct and govern the conduct of each other in connection with the joint venture. (*Clapp v. JMK/Skewer, Inc.* (1985), 137 Ill. App. 3d 469, 484 N.E.2d 918.) In addition, the requirement of a right to management is a question of fact in which the finder of fact should look to the substance and not the form of the agreement. (*Petry v. Chicago Title & Trust Co.* (1977), 51 Ill. App. 3d 1053, 367 N.E.2d 385.) We believe plaintiff's failure to participate in the day-to-day management of the building was consistent with the terms of the agreement entered into by the parties here. Defendant's contribution was labor and expertise in building rehabilitation. It was agreed by the parties that defendant would provide the day-to-day management of the enterprise. Moreover, plaintiff testified that on several occasions he inquired of defendant about the management and progress of the rehabilitation of the building and that defendant obtained plaintiff's approval to rent the property until it was refinanced or resold. We find these facts and circumstances supportive of plaintiff's position that the agreement of the parties included the right of management and control on the part of plaintiff. The fact that plaintiff did not participate in the day-to-day management of the enterprise does not, in our view, preclude the existence of a joint venture.

Defendant further argues that plaintiff did not possess the requisite intent to share in the profits and losses of the building. Plaintiff testified, however, that the parties orally agreed that they

would split the profits equally from the sale of the building after the amount he initially contributed was credited to him. Further, the written agreement of the parties set out very specific terms for the division of profits should the joint venture not progress beyond March 31, 1982. Although neither the oral nor written agreement of the parties made an express provision regarding the liability for losses, a joint venture has been found to exist where the agreement of the parties did not address the issue of division of losses. (*Ruskin v. Rodgers* (1979), 79 Ill. App. 3d 941, 399 N.E.2d 623.) Accordingly, we do not find that a provision for sharing of losses was essential to the existence of a joint venture where the parties clearly did not contemplate the possibility of a loss.

■■■ Whether or not a joint venture exists is a question for the trier of fact, as he is in the best position to judge the credibility of the witnesses. (*Baker Farmers Co. v. ASF Corp.* (1975), 28 Ill. App. 3d 393, 328 N.E.2d 369.) The trial judge stated that his judgment was "mainly determined [by] the credibility of the witnesses and their demeanor while testifying." From our review of the record, we find no abuse of discretion in the finding by the trial court that a joint venture existed. Further, it appears to us, as correctly discerned by the trial court, that the relationship created by the parties was a joint venture and not a partnership. A joint venture is not regarded as identical with a partnership, although, as a practical matter, the only distinction between the two is that the former relates to a single specific enterprise or transaction, while the latter relates to a general business of a particular kind. (*Smith v. Metropolitan Sanitary District* (1979), 77 Ill. 2d 313, 396 N.E.2d 524.) A joint venture is an association of two or more persons to carry out a single enterprise for profit. (77 Ill. 2d 313, 396 N.E.2d 524.) The relationship between joint venturers, like that existing between partners, is fiduciary in character and imposes upon the participants an obligation of loyalty and good faith in their dealings with each other with respect to the enterprise. (*Carroll v. Caldwell* (1957), 12 Ill. 2d 487, 147 N.E.2d 69; *Ditis v. Ahlvin Construction Co.* (1951), 408 Ill. 416, 97 N.E.2d 244.) The relationship is governed by the legal principles applicable to partnerships. (*Burtell v. First Charter Service Corp.* (1978), 57 Ill. App. 3d 198, 372 N.E.2d 380.) In the case at bar, plaintiff and defendant entered into an agreement which contemplated the purchase and rehabilitation of a building resulting in its sale for a profit. This agreement concerned a single transaction or enterprise for profit and, as such, constituted a joint venture. The order appealed from is, therefore, affirmed and the cause is remanded for an accounting.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed and this cause is remanded for further proceedings.

Affirmed and remanded for further proceedings.

BUCKLEY and O'CONNOR, JJ., concur.