**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180659-U

Order filed April 17, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| FIDEL VEGA, | ) | Appeal from the Circuit Court |
| | ) | of the 21st Judicial Circuit, |
| Plaintiff-Appellant, | ) | Iroquois County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-18-0659 |
| | ) | Circuit No. 12-CH-87 |
| | ) | |
| MICHAEL J. HARROUN, | ) | Honorable |
| | ) | James B. Kinzer, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Holdridge and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1       *Held*:   The dismissal of plaintiff's complaint alleging a joint venture to purchase and renovate houses with the defendant was reversed because the plaintiff sufficiently alleged the joint venture pursuant to an oral agreement.

¶ 2       The plaintiff appealed from the dismissal of his complaint seeking a declaration of a joint venture, an accounting, and a declaration of ouster by the defendant.

¶ 3                                          FACTS

¶ 4    The plaintiff, Fidel Vega, filed a complaint against the defendant, Michael Harroun, alleging that they jointly owned 51 properties and seeking a partition and accounting of the properties. Thereafter, the plaintiff filed an amended complaint and, after some discovery, a second amended complaint. The second amended complaint alleged that the plaintiff and the defendant had engaged in a joint venture since 1991 whereby they orally agreed to purchase various residential properties for the purpose of investment. The plaintiff sought a declaration as to the parties' rights regarding 40 listed properties and an accounting of the net profits.

¶ 5    The second amended complaint was dismissed on the defendant's motion, on the basis that a joint venture was not sufficiently pled. The plaintiff filed a third amended complaint, which contained two counts. The first count alleged a joint venture and sought declaratory relief, alleging that the plaintiff and the defendant had entered into an oral agreement to purchase properties for the purpose of investment starting in January 1991. The parties worked together to locate and finance properties and had agreed to share the net profits equally and to reinvest the income to purchase additional properties. The plaintiff listed 36 properties that were purchased pursuant to the agreement between 1991 and July 2003. As of October 30, 2004, all but nine of the properties had been sold. The plaintiff alleged that on October 30, 2004, the plaintiff and the defendant entered into a written agreement regarding eight of those properties; that agreement was attached to the second amended complaint. The October 30 agreement states that the parties equally owned the eight properties. The third amended complaint further alleged that the plaintiff and the defendant purchased an additional property on November 2, 2005, which was sold on January 17, 2008. The plaintiff alleged that the joint venture was continuing because two of the properties had not been sold—one was a rental property and the buyer on the other had defaulted on the installment contract. Further, the plaintiff alleged that the defendant had paid him profits but

2

refused to account to the plaintiff for the plaintiff's just share and interest in the rents and profits of the properties described in the third amended complaint. The plaintiff sought a declaratory judgment that the plaintiff and the defendant owned the two remaining properties equally and an accounting for the net profits on all the listed properties. The second count of the third amended complaint sought a declaration of ouster, contending that the defendant ousted the plaintiff from the storage unit that was on one of the properties subject to the October 30 agreement.

¶ 6 The defendant filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-615 (West 2016)), which was denied. The defendant then filed another motion to dismiss, seeking to dismiss count I pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2016)), contending that the allegations of the complaint did not support the existence of a joint venture, the oral agreement for a joint venture was barred by the statute of frauds, a prior lawsuit acted as *res judicata*, and the parties' 2004 written agreement acted as an estoppel. The defendant stated in his affidavit that he had paid the plaintiff his share of the net proceeds with regard to both properties. The plaintiff's affidavit stated that the October 30 agreement only concerned the properties that the joint venture had not yet sold, since those properties were still titled only in the defendant's name. The defendant also sought summary judgment on count II pursuant to section 2-1005 of the Code (735 ILCS 5/2-1005 (West 2016)), contending that the locks in the parties' jointly-owned building at 206 E. Grant had never been changed and that the key remained in the business that used to be their partnership office for their auto business.

¶ 7 The trial court entered an order that dismissed the third amended complaint in its entirety, with prejudice. The court found that the third amended complaint was neither plain nor concise and failed to plead facts sufficient to support a claim for the existence of an oral agreement for a

3

joint venture. The trial court found that the October 2004 agreement did not support the plaintiff's claim of an oral agreement, but rather supported the concept of estoppel and the statute of limitations. The court denied the plaintiff's oral motion to amend his complaint. The trial court did not specifically rule on the defendant's motion for summary judgment. The plaintiff appealed.

¶ 8                                                              ANALYSIS

¶ 9        The plaintiff contends that he sufficiently alleged facts to establish the existence of an oral agreement to enter into a joint venture to buy and sell real estate for profit. The defendant contends that the trial court correctly ruled that the third amended complaint failed to allege such a joint venture. The defendant contends that his business association with the plaintiff terminated when they entered into a settlement agreement regarding their auto business in 2009.

¶ 10       A section 2-615 motion to dismiss attacks the legal sufficiency of the complaint; it does not raise affirmative factual defenses, but alleges only defects appearing on the face of the complaint. *Chandler v. Illinois Central R.R. Co.*, 207 Ill. 2d 331, 348 (2003). A motion to dismiss pursuant to section 2-619 of the Code admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). We review *de novo* a ruling on a motion to dismiss. *Id.*

¶ 11       A joint venture is an association of two or more persons to carry out a single enterprise for profit. *In re Johnson*, 133 Ill. 2d 516, 526 (1989). The existence of a joint venture may be inferred from the facts and circumstances demonstrating that the parties in fact entered into a joint venture. *O'Brien v. Cacciatore*, 227 Ill. App. 3d 836, 843 (1992). In determining whether a joint venture exists, the intent of the parties is the most significant element. *Id.* The elements to be considered in determining the parties' intent are: (1) an express or implied agreement to carry on an enterprise; (2) a manifestation of intent by the parties to be associated as joint venturers; (3) a joint interest as

reflected in the contribution of property, finances, effort, skill or knowledge by each party to the joint venture; (4) a measure of proprietorship or joint control of the enterprise; and (5) a provision for the sharing of profits or losses. *Id.* In the absence of any of these elements, there is no joint venture. *Id.*

¶ 12    The trial court found that the plaintiff's third amended complaint failed to plead facts sufficient to support the claim of an oral agreement. The trial court also noted that the October 30, 2004, written agreement supported the defendant's claim of estoppel because it led the defendant to believe all claims between the parties had been settled on that date. This claim was disposed of on a motion to dismiss, not a bench trial or summary judgment. Whether or not a joint venture exists is usually a question for the trier of fact. *Ambuul v. Swanson*, 162 Ill. App. 3d 1065, 1070 (1987). In *Ambuul*, the appellate court upheld a trial court's judgment that two parties had entered into a joint venture to rehabilitate an old building and share equally in the profits. *Id.* The court found no abuse of discretion in the trial court's factual determination that there was a joint venture based on the oral agreement between the parties. *Id.*

¶ 13    The plaintiff's third amended complaint sufficiently alleges an on-going joint venture to acquire properties and split the profits for 36 properties acquired before 2004 and the additional property purchased in 2005. The third amended complaint alleged that the parties entered into an oral agreement in approximately January 1991 to carry on an enterprise of buying and selling real estate for profit and the parties purchased their first property at that time. The complaint further alleges that some profits have been distributed to the plaintiff, but the defendant has refused to account to the plaintiff for the plaintiff's just share and interest in the rents and profits. The plaintiff then alleges that the parties purchased an additional property in November 2005. The October 30 written agreement provided that the eight properties were owned by the parties equally and the net

5

profits shared equally. There is at least a factual question whether the written agreement on October 30, 2004, modified the prior oral agreement. See *id.* at 1068 (written agreement did not modify the terms of the oral agreement). Thus, we reverse the order granting the defendant's motion to dismiss count I.

¶ 14   The plaintiff contends that the trial court erred in granting summary judgment on count II, the ouster claim, arguing that there was a genuine issue of material fact regarding whether the defendant changed the locks to the property located at 206 E. Grant and whether the plaintiff had access to the key. The defendant contended that the locks had never been changed and the key was located in the former business office that the defendant had retained upon the dissolution of the parties' auto business. The trial court dismissed the claim without comment.

¶ 15   Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). We review *de novo* summary judgment rulings. *Id.*

¶ 16   The plaintiff alleged in his complaint that he had been ousted from 206 E. Grant, which is referenced in the October 30 agreement. The defendant responds with an affidavit that does not deny that they both own the property, but states that the locks have not been changed and the key remains in its usual place. There is at least a genuine issue of material fact whether the plaintiff has access to that key, which is located in a property now owned solely by the defendant. Thus, we reverse the dismissal of count II.

¶ 17   Since we have found that count I of the third amended complaint was sufficient to survive a motion to dismiss, and count II survived the motion for summary judgment, we do not address

the plaintiff's contention that the trial court abused its discretion in denying his oral motion to file a fourth amended complaint.

¶ 18                                CONCLUSION

¶ 19          The judgment of the circuit court of Iroquois County is reversed.

¶ 20          Reversed and remanded.