LYLE H. FORRESTER, Plaintiff and Appellant, *v.* EDWIN KUCK et al., Defendants and Respondents.

No. 13940.
Submitted April 26, 1978.
Decided May 23, 1978.
579 P.2d 756.

Berger, Anderson, Sinclair & Murphy, Billings, James J. Sinclair (argued), Billings, for plaintiff and appellant.

Moulton, Bellingha, Longo & Mather, Billings, William S. Mather (argued), Billings, for defendants and respondents.

JOEL ROTH, District Judge, sitting for Chief Justice Haswell, delivered the opinion of the Court.

Plaintiff Lyle H. Forrester appeals from a summary judgment in favor of defendants Edwin Kuck, Danny Duane Kuck and George Chavez granted July 20, 1977, by the District Court, Yellowstone County.

The legal proceedings leading up to the summary judgment were: Plaintiff Forrester filed a complaint on March 22, 1976, against the three defendants alleging injuries caused by the negligent operation of trucks driven by defendants Danny Kuck and George Chavez resulting in a collision between the truck driven by defendant Danny Kuck and plaintiff's motorcycle on the highway near Warren, Carbon County, Montana, on July 29, 1975. The complaint also alleged that defendants Danny Kuck and George Chavez were employees of defendant Edwin Kuck who owned the trucks.

Defendants filed a motion to dismiss, which was denied. Defendant's answer was filed on July 9, 1976. It alleged that defendants Danny Kuck and George Chavez were not employees of defendant Edwin Kuck but were employees of Empire Sand and Gravel Company; that plaintiff Forrester was also an employee of Empire Sand and Gravel Company; and, that Forrester's injuries arose out of an industrial accident for which he received workman's compensation benefits.

The question as to who was the employer of defendants Danny

Kuck and George Chavez became the issue in the case as framed by the pleadings.

Discovery consisted of defendant Edwin Kuck's answers to written interrogatories propounded by the plaintiff; the deposition of defendant Edwin Kuck; the deposition of plaintiff Forrester; an affidavit of Meredith Reiter, the vice-president of Empire Sand and Gravel Company; and, an affidavit of Officer George E. Turner, the highway patrolman who investigated the accident.

The undisputed facts established by the discovery procedure are:

Plaintiff Forrester was an employee of Empire Sand and Gravel Company working at a gravel pit near Warren, Montana, loading gravel trucks hauling gravel to a nearby railroad siding. At the end of his work shift Forrester would drive to his residence in Bridger, Montana, a distance of 26 miles. His employer paid him travel pay, based on mileage to and from the job.

Defendant Edwin Kuck, the owner of the trucks, by an oral agreement with Empire Sand and Gravel Company, leased five trucks to Empire which included the two trucks driven by defendants Danny Kuck and George Chavez. The drivers of defendant Edwin Kuck's trucks were hired by Empire through the local union, were paid their wages pursuant to union contract by Empire, and Empire withheld federal and state income taxes and social security from their wages and paid industrial accident premiums and unemployment taxes on their wages. Empire prepared and furnished W-2 Wage and Tax Statements to each of them for the year 1975, showing Empire as their employer. They were insured under Empire's industrial accident coverage. Defendants Danny Kuck and George Chavez were under the direction and control of Empire. Defendant Edwin Kuck was required to repair and maintain the trucks and to provide liability insurance on the trucks. The trucks were leased at the rate of $32 per hour. Defendant Edwin Kuck received the balance of the hourly rental after Empire paid the drivers' wages and deducted various items from the $32 hourly rate.

On July 29, 1975 plaintiff Forrester had completed his shift at

approximately 5:00 p.m. and was enroute to his residence riding his motorcycle and following the loaded truck driven by defendant George Chavez. The truck driven by Chavez and an oncoming empty truck driven by defendant Danny Kuck switched lanes at a curve in the highway pursuant to CB radio communication between the two drivers. The empty truck driven by defendant Danny Kuck collided with plaintiff's motorcycle.

Forrester was injured and hospitalized. He was awarded workmen's compensation benefits through the industrial accident coverage of Empire Sand and Gravel Company.

The above facts were undisputed by plaintiff Forrester when defendants filed their motion for summary judgment on September 22, 1976. Without presenting any facts in support, plaintiff contended in his answer brief to the motion for summary judgment that defendants Danny Kuck and George Chavez were employees of defendant Edwin Kuck or, at least, were employees of both defendant Edwin Kuck and Empire Sand and Gravel Company.

The law as applied to the undisputed facts is clear that an employee is entitled to workmen's compensation benefits when his injuries arose out of and in the course of his employment. Section 92-614, R.C.M.1947.

An employee who receives travel pay to and from his place of employment and is injured during travel to or from his place of employment is considered to have received injuries in the course of his employment. *McMillen v. McKee*, 165 Mont. 462, 533 P.2d 1095 (1975).

The law is also clear that if one employee is injured by the alleged ordinary negligence of a coemployee such coemployee is immune from suit for personal injury, Section 92-204.1, R.C.M.1947; *State ex rel Ferguson v. District Court*, (1974) 164 Mont. 84, 519 P.2d 151. In *Ferguson* the Court stated:

"* * * the Montana Workmen's Compensation Act is founded on the principales of enterprise liability and enterprise immunity, it has become well settled that where the Act applies, a coemployee is immune from suit." 164 Mont. 89, 519 P.2d 153.

The Court further stated in *Ferguson:*

"The test to determine whether or not an employer-employee relationship exists within the meaning of sections 92-410 and 92-411, R.C.M.1947, is the so called control test. Under that test an individual is in the service of another when that other has the right to control the details of the individual's work * * * While this test has most often been used to determine whether or not an individual was an independent contractor or an employee, it may also be used to determine who the employer is, in a given situation. * * * Under this test an employee will have been transferred from one employer to another when the right to control the details of his work has passed from one to another." 164 Mont. 88, 519 P.2d 153.

The general law relative to employer-employee relationship is set forth in 53 Am. Jr.2d, Master and Servant, §2:

"* * * at common law there are four elements which are considered upon the question whether the relationship of master and servant exists—namely, the selection and engagement of the servant, the payment of wages, the power of dismissal, and the power of control of the servant's conduct—the really essential element of the relationship is the right of control, that is, the right of one person, the master, to order and control another, the servant, in the performance of work by the latter, and the right to direct the manner in which the work shall be done."

This Court in *Kish v. Montana State Prison,* (1973), 161 Mont. 297, 505 P.2d 891, synthesized these elements into two major factors: (1) Who has control over the employee and, (2) in whose business was the employee engaged?

Without again reciting the facts underlying defendant's motion for summary judgment, suffice it to say that discovery established the trucks were leased to Empire Sand and Gravel Company. It had absolute control over their use. The drivers were hired solely by Empire, were subject to dismissal by Empire, and were subject to the sole control of Empire, and were paid by Empire. The trucks and drivers were engaged solely in the business of Empire. No facts were established that would indicate defendants

Chavez and Danny Kuck were employees of defendant Edwin Kuck or were joint employees of defendant Edwin Kuck and Empire Sand and Gravel Company. Defendants Chavez and Danny Kuck were employees of Empire Sand and Gravel Company.

■ The law relating to the liability of the owner of the trucks, defendant Edwin Kuck, in this factual setting is also clear. It is set out in 8 Am.Jur.2d, Automobiles and Highway Traffic, § 571:

"* * * liability for the negligent use of a motor vehicle cannot be predicated against the owner at common law merely because of the ownership of the vehicle."

We find that each of the defendants herein have carried the burden of showing a complete absence of any genuine issue as to material facts and they are entitled to judgment as a matter of law, pursuant to Rule 56, M.R.Cic.P.

The District Court's judgment is affirmed.

MR. JUSTICES DALY, HARRISON, SHEA and SHEEHY concur.