GUILLERMO ROMO, Adm'r of the Estate of Francisco Romo, Deceased, Plaintiff-Appellant, *v.* ALLIN EXPRESS SERVICE, INC., *et al.*, Defendants-Appellees.

First District (5th Division)    No. 81-1994

Opinion filed April 30, 1982.

William C. Starke, of Chicago (Larry Saska, of counsel), for appellant.

Van Duzer, Gershon, Jordan & Petersen, of Chicago (John B. Van Duzer and Horace W. Jordan, of counsel), for appellees.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This appeal involves the propriety of an order dismissing plaintiff's action against certain defendants on the ground that it was barred by the provisions of section 5(a) of the Workers' Compensation Act[1] (the Act) (Ill. Rev. Stat. 1979, ch. 48, par. 138.5(a)).

It appears that plaintiff's decedent, an employee of defendant Allin Express Service, Inc. (Allin), was operating one of its trucks in the course of his employment when the truck caught fire and decedent received

---

[1] Section 5(a) provides in part: "No common law or statutory right to recover damages from the employer, his insurer, ° ° ° or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, ° ° °."

burns resulting in his death. Plaintiff made application for and obtained benefits under the Act on the basis that the death of decedent arose out of and in the course of his employment.

In count I of his complaint,[2] plaintiff asserted an action under the Illinois Wrongful Death Act (Ill. Rev. Stat. 1979, ch. 70, par. 1 *et seq.*) against Allin and the individual defendants, who as officers of Allin were co-employees of plaintiff, alleging they were negligent in the maintenance and use of the truck. Defendants then moved, under section 48 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48), to dismiss count I on the ground that the action against them was barred by section 5(a) of the Act. Plaintiff responded by asserting that defendants were acting in a dual capacity as the employers of decedent and as owners of the truck he was driving, and that his wrongful death action was against them in their capacity as owners of the truck. After a hearing, the motion to dismiss was granted as to all defendants and this appeal followed.

OPINION

■■ Initially, we note that, while plaintiff has appealed from the order dismissing all defendants, the only issue presented by him on appeal is "whether the employee can recover from the employer if his injuries resulted from a breach of a duty independent of the duty of an employer qua employer." Plaintiff makes no contention or argument that the case was improperly dismissed as to the individual defendants, and that issue not having been presented on appeal, it is waived (see *Rome v. Commonwealth Edison Co.* (1980), 81 Ill. App. 3d 776, 401 N.E.2d 1032), and the dismissal as to them will be affirmed. In any event, the action was properly dismissed as to the individual defendants, because it was based on the dual-capacity doctrine which is not applicable to co-employees. As stated in *McCormick v. Caterpillar Tractor Co.* (1980), 82 Ill. App. 3d 77, 80, 402 N.E.2d 412, 415:

> "No case has been called to our attention where statutory immunity of coemployees has been abrogated by the 'dual capacity doctrine.' One purpose of the Workmen's Compensation Act was to relieve employees of the possible financial burden arising from their negligently injuring coemployees [Citation]. We see no indication of intent in *Smith* [v. Metropolitan Sanitary District (1979), 77 Ill. 2d 313, 396 N.E.2d 524] to deny this immunity merely because an employee might be serving an employer in a capacity different than that of another employee whom he might injure."

As to his action against Allin, plaintiff maintains that the facts come

---

[2] Counts II and III, directed against defendant Ford Motor Co., remain pending in the trial court and are not involved in this appeal.

within the dual-capacity doctrine, concerning which it was said by the supreme court in *McCormick v. Caterpillar Tractor Co.* (1981), 85 Ill. 2d 352, 357, 423 N.E.2d 876, 878, that:

> "In relatively recent years an exception to the exclusive-remedy provision of the Workmen's Compensation Act has developed under what has come to be called the dual-capacity doctrine. Professor Larson, in his treatise on Workmen's Compensation Laws states: 'Under this doctrine, an employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer.' (2A A. Larson, Workmen's Compensation sec. 72.80, at 14—114 (1976).) The doctrine of dual capacity was applied by this court in *Smith v. Metropolitan Sanitary District* (1979), 77 Ill. 2d 313."

As further stated in *McCormick*:

> "The decisive test to determine if the dual-capacity doctrine is invocable is not whether the second function or capacity of the employer is different and separate from the first. Rather, the test is whether the employer's conduct in the second role or capacity has generated obligations that are unrelated to those flowing from the company's or individual's first role as an employer. If the obligations are related, the doctrine is not applicable." 85 Ill. 2d 352, 357, 423 N.E.2d 876, 878.

Plaintiff contends here that the dual-capacity doctrine is applicable because, in addition to its role as employer, Allin was also the owner of the truck driven by decedent and, in this capacity, plaintiff maintains—relying on *Smith v. Metropolitan Sanitary District* (1979), 77 Ill. 2d 313, 396 N.E.2d 524—that Allin does not have section 5(a) immunity. In *Smith*, plaintiff was an employee of a joint venture who sued one of its members (defendant) who leased to the joint venture a defective truck which allegedly caused plaintiff's injuries. The court, in applying the dual-capacity doctrine, found that in his role as lessor of the truck, defendant did not have section 5(a) immunity, reasoning that an employer who acts in the second capacity as a lessor of a truck would incur obligations unrelated to those flowing from his role as an employer in that "[a] lessor of a defective vehicle is held to the same strict liability standards as a manufacturer or seller." 77 Ill. 2d 313, 319, 396 N.E.2d 524, 527.

Here, plaintiff has pointed to no such unrelated obligation incurred by an employer who is the owner of a truck furnished to an employee to be used in the course of employment, and we are aware of none. It is significant that in *Smith*, the court also said "[t]he allegedly defective truck which caused plaintiff's injuries was not a tool furnished by

defendant as a member of the joint venture [plaintiff's employer], but was equipment leased to the joint venture under the express terms of the joint-venture agreement." (77 Ill. 2d 313, 319, 396 N.E.2d 524, 527.) We believe that the *Smith* court used the word "tool" in the sense of something furnished an employee for the performance of his work, which implies that the dual-capacity doctrine is not applicable where an employee is injured by a tool or other object provided by his employer.

■■ In that regard, we note that in *Rosales v. Verson Allsteel Press Co.* (1976), 41 Ill. App. 3d 787, 354 N.E.2d 553, plaintiff sustained an injury while operating the punch press of his employer, and after receiving Workmen's Compensation benefits, he brought a common law action against his employer on the basis of its alleged dual capacity of a "quasi-manufacturer" because it had modified the safety control of the press. The court stated:

> "To sustain the doctrine of dual capacity here would circumvent the exclusive remedy provision of the Workmen's Compensation Act, because all employers would then occupy a dual capacity upon the furnishing of tools to their employees. Such a result would repudiate the long line of Illinois Supreme Court cases holding the Workmen's Compensation Act to be the exclusive remedy against the employer for work-related injuries and would nullify the legislative scheme for compensating work-related injuries." (41 Ill. App. 3d 787, 790, 354 N.E.2d 553, 556.)

Here, the truck, whose defective condition allegedly brought about the death of decedent, was furnished by Allin for use by decedent in performing the duties of his employment. Thus, the dual-capacity doctrine does not apply, and the trial court properly dismissed the action against Allin because it was barred by section 5(a) of the Workers' Compensation Act.

For the reasons stated, the judgment is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.