No. 85-45

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

LINDA HERRON, individually and as
heir to the Estate of ROBERT W.
HERRON,

        Plaintiff and Appellant,

  -vs-

PACK AND COMPANY, a Montana
corporation,

        Defendant and Respondent.

---

APPEAL FROM: District Court of the Eleventh Judicial District,
           In and for the County of Flathead,
           The Honorable Michael Keedy, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Murray, Kaufman, Vidal & Gordon; Daniel W. Hileman
        argued, Kalispell, Montana

    For Respondent:

        Stephen C. Berg argued, Kalispell, Montana

---

        Submitted:  June 18, 1985

          Decided:  August 29, 1985

Filed: AUG 29 1985

*Ethel M. Harrison*
_____
             Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Linda Herron appeals from a summary judgment entered by the District Court of the Eleventh Judicial District Flathead County. The District Court refused to recognize the dual capacity doctrine which would have allowed Herron to maintain an action in negligence against Pack and Company, Inc. We affirm.

Robert Herron was employed by Pack and Company, hereinafter referred to as the Company. On July 21, 1984, Robert Herron was killed in a single vehicle accident while riding back from work on U.S. Highway no. 2, near Essex, Montana. It is alleged that the accident was proximately caused by negligent, improper and insufficient maintenance upon the truck's braking system performed by employees of the Company. The Company provided Workers' Compensation coverage through the State Fund and Herron's heirs received benefits.

On November 15, 1984, Linda Herron filed a wrongful death and survival action in District Court. The Company filed a motion to dismiss alleging that § 39-71-411, MCA, the exclusive remedy provision, barred the action as a matter of law. The District Court granted the Company's motion to dismiss, ruling that the dual capacity doctrine was inconsistent with Montana law.

The following issues are raised on appeal:

(1) Whether an employee can sue his employer for negligence where it is alleged that the employer operates in a dual capacity and has an extra employer relationship that is separate and distinct from that of employer/employee.

(2) Whether negligent and insufficient maintenance of a vehicle's braking system constitutes an intentional tort for purposes of the Workers' Compensation Act.

The exclusive remedy limitation embodied in § 39-71-411, MCA is both clear and unambiguous. Section 39-71-411, MCA provides:

> For all employments covered under the Workers' Compensation Act or for which an election has been made for coverage under this chapter, the provisions of this chapter are exclusive. Except as provided in part 5 of this chapter for uninsured employers and except as otherwise provided in the Workers' Compensation Act, employer is not subject to any liability whatever for the death of or personal injury to an employee over indemnity asserted by a third person from whom damages are sought on account of such injuries or death. The Workers' Compensation Act binds the employee himself, and in case of death binds his personal representative and all persons having any right or claim to compensation for his injury or death, as well as the employer and the servants and employees of such employer and those conducting his business during liquidation, bankruptcy, or insolvency.

This appeal presents a question concerning the dual capacity exception to the exclusivity provision of the Workers' Compensation Act. In an attempt to circumvent the exclusive remedy limitation, Herron invokes the dual capacity doctrine.

This doctrine, however, has been subject to misapplication and abuse by plaintiffs. See Mercer v. Uniroyal, Inc. (Ohio 1977), 361 N.E.2d 492; Profilet v. Fallonite (Ill. 1977), 371 N.E.2d 1069; Rosales v. Verson Allsteel Press Co. (Ill. 1976), 354 N.E.2d 553; Neal v. Roura Iron Works (Mich. 1975), 238 N.W.2d 837. The emergence of the dual persona doctrine is an attempt to correct the looseness and overextension of the dual capacity doctrine. "In a sense, a single legal person may be said to have many 'capacities,' since that term has no fixed legal meaning." Stretching this doctrine to cover the numerous possible relationships or theories of liability can destroy employer

3

immunity and "go a long way toward destroying the exclusive remedy principle." 2A Larson, Workmen's Compensation Law § 72.81 (1982).

Herron argues it was not the intent of the Montana Legislature in adopting the Workers' Compensation Act to insulate a grossly negligent employer who assigned extra duties to its employees simply by strict adherence to the exclusivity rule. By operating its own separate service department, appellant maintains that the Company had generated a different set of obligations to its employees and had acted in a dual capacity with respect to its employees.

Montana has no line of cases construing § 39-71-411, MCA, relative to the dual capacity concept. Herron submits a United States Supreme Court decision, Reed v. Steamship Yaka (1963), 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448, which has facts almost identical to the facts of the present case. In Reed, the plaintiff was a longshoreman who was injured while loading a vessel that had been leased under a bare-boat charter by the defendant employer. In addition to being entitled to compensation benefits, the employee also was permitted to bring an action against the employer, as charterer, alleging unseaworthiness of the vessel. The Supreme Court ruled that the defendant/employer owed a "traditional, absolute and non-delegable" duty to the employee that could not be circumvented by the exclusive remedy provision of the longshoremens' act. 373 U.S. at 415. The Reed holding has been followed in subsequent United States Supreme Court cases, as well as several appellate court decisions. See Jackson v. Lykes Brothers Steamship Co. (1967), 386 U.S. 731, 87 S.Ct. 1419, 18 L.Ed.2d 488; Griffith v. Wheeling Pittsburgh Steel Corporation (3rd. Cir. 1975), 521 F.2d 31, cert. den'd., (1976) 423 U.S. 1054, 96 S.Ct.

4

785, 46 L.Ed.2d 643; Longmeir v. Seadrilling Corporation (5th Cir. 1980), 610 F.2d 1342.

The California courts have been the forerunners in a minority of jurisdictions adopting the dual capacity doctrine. In a recent California case, heavily relied upon by Herron, a driver was injured in a fire that developed while he was transferring propane from his truck to holding-tanks. The plaintiff employee was permitted to bring an action against the employer under the dual capacity theory alleging that he had been injured as a proximate result of defects in the tank truck and other equipment that had been modified by the employer. Bell v. Industrial Vangus, Inc. (Cal. 1981), 637 P.2d 266.

The Company maintains that Bell has no application to the present matter. The Bell decision concerns an employee injured as a result of defective equipment manufactured by the employer. In the instant case, the Company argues, respondent did not manufacture the vehicle nor the defective braking equipment which fatally injured Mr. Herron.

The Company urges this Court to adopt the ruling of an Illinois Supreme Court decision, Romo v. Allin Express Service, Inc. (Ill. 1982), 436 N.E.2d 20. In Romo, the estate of an employee brought a wrongful death action against employer, alleging negligence in the maintenance of a truck. The Illinois Supreme Court dismissed the action, holding that the action based on dual capacity was barred by the exclusive remedy provision of the Illinois Workers' Compensation Act. The court found significance in the fact that the employer furnished the truck to the employee. Because the operation of the truck was an incident of his employment, the court rejected the dual capacity argument. We agree.

5

Herron also argues that the Company's failure to properly maintain the vehicle's braking system constitutes an intentional tort. However, in a recent decision, we declined to recognize a similar tort action by a lumber mill employee against his employer for failing to maintain a safe workplace. Noonan v. Spring Creek Forest Products, Inc. (Mont. 1985), 700 P.2d 623, 42 St.Rep. 759. Although the hazardous and dangerous nature of the workplace was recognized, this Court stated, "to translate this situation into an inference of tortious intent on behalf of the employer would require a standard of law this Court has thus far refused to adopt . . . " In accord with Noonan, we hold Herron's action in tort is foreclosed.

The summary judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

6