972 F.2d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis F. McCUE, Plaintiff-Appellant,
v.
SANDOZ, INC., Defendant-Appellee.
 No. 91-35443.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 3, 1992.
Decided July 28, 1992.
 
 Before FARRIS, WILLIAM A. NORRIS and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff McCue was an employee of defendant Sandoz, Inc., a large pharmaceutical manufacturer and distributor. Plaintiff's job was to contact pharmacists and licensed medical practitioners to encourage them to prescribe defendant's products to their patients. During the course of his employment, plaintiff frequently disseminated sample packages of defendant's products to licensed practitioners. Accordingly, plaintiff had ready access to these samples, including samples of the drug Fiorinal with Codeine No. 3 (FIO-3). Because of the risk of addiction, FIO-3 is listed as a prescription-only drug under the Federal Food, Drug and Cosmetic Act and as a Schedule III controlled substance under the Controlled Substance Act of 1970.
 
 
 3
 By his own admission, plaintiff began delving into the supply of the samples for his own benefit. It is undisputed that plaintiff self-administered this medication without authorization or prescription from any licensed medical practitioner. He soon became addicted. Eventually his addiction became severe enough that plaintiff required hospitalization. He had to stop working for several weeks.
 
 
 4
 After defendant found out about plaintiff's addiction and its causes, it terminated plaintiff's employment. As plaintiff admits, the conditions of the discharge were quite generous. Subsequently, plaintiff filed this suit, alleging that defendant breached the covenant of good faith and fair dealing in terminating his employment. He also advanced various tort claims.
 
 
 5
 Defendant moved for summary judgment on plaintiff's personal injury claims based on the immunity granted to defendant, as plaintiff's employer, under the exclusivity provision of the Montana Workers' Compensation Act. See Mont.Code Ann. § 33-71-411. Defendant also argued that plaintiff himself first breached the covenant of good faith and that the termination was for good cause. The district court granted summary judgment to defendant.
 
 
 6
 Plaintiff first argues that the district court erred in holding that the exclusivity provision of the Montana Workers' Compensation Act barred his tort claims against defendant. Defendant contends that the exclusivity provision is inapplicable because of the operation of the "dual capacity" doctrine. Montana courts, however, have firmly rejected the dual capacity doctrine. See, e.g., Herron v. Pack & Co., 705 P.2d 587, 587 (Mont.1983) ("The District Court refused to recognize the dual capacity doctrine.... We affirm.").
 
 
 7
 Under Herron, the employer is shielded from tort liability under the exclusivity provision of the Workers' Compensation Act so long as the use of the product was an "incident" of the employee's employment. Id. at 589. We believe the district court correctly concluded that plaintiff's use of the drug was "incident" to his employment. Plaintiff would not have had access to the drug without a prescription but for his employment as defendant's sale representative.
 
 
 8
 Plaintiff next argues that the district court erred in concluding that his wrongful discharge claim failed as a matter of law. Plaintiff complains that defendant's discharge of plaintiff breached the covenant of good faith and fair dealing that exists between all employers and employees in Montana. Montana recognizes, however, that the protection afforded an employee by the covenant of good faith and fair dealing "hinges on the employee's good faith performance of his job duties." Barrett v. ASARCO, Inc., 763 P.2d 27 (1988). "[A]n employee who breaches his or her duty of good faith and fair dealing may not complain of unfair dealing by the employer." Id. Plaintiff admits that he stole the defendant's product samples for his own personal use and that he falsified records required by both defendant and the DEA to conceal his unauthorized drug use. The district court was correct in concluding that such dishonesty destroyed the covenant of good faith and fair dealing between the parties.
 
 
 9
 Plaintiff also argues that the district court erred in concluding that defendant did not fail to use due care in its termination decision. We agree with the district court that, so long as the employer has a legitimate business reason for terminating an employee, Montana common law does not impose upon the employer a duty to use reasonable care in its termination decision. See Heltborg v. Modern Machinery, 795 P.2d 954, 961 (1990). As mentioned above, plaintiff acted dishonestly toward his employer. Defendant therefore had a legitimate reason for terminating plaintiff's employment.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3