CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
Ana Maria Torres appeals an order of the District Court for the Eighteenth Judicial District, Gallatin County, dismissing her negligence complaint against the State of Montana. The court granted summary, judgment in favor of the State, ruling that the exclusive remedy provision of the Occupational Disease Act barred Torres from bringing suit against the State after she had successfully pursued an occupational injury claim against it. We affirm.
The issue is whether the court erred in entering summary judgment.
Torres was admitted to Montana State University (MSU) in 1985 to pursue her doctorate of philosophy in chemistry. She continued her studies until February of 1988, when she withdrew because of failing health.
While Torres pursued her doctorate degree, she was also employed by MSU as a teaching and research assistant. She was paid $6,500 per year and received $360 per quarter in out-of-state fee waivers. She was provided with workers’ compensation coverage.
Torres claims that beginning in the winter quarter of 1988, she began to suffer medical problems as a result of exposure to toxic substances. All of her claimed exposure to toxic substances occurred while she was in Gaines Hall on the MSU campus as either a student or an employee.
*85 In February 1992, Torres filed a claim for workers’ compensation benefits, asserting that her medical problems were caused by her work-related activities for MSU. In her claim, Torres stated she suffered organic brain damage while working as a teaching and research assistant at Gaines Hall during the period of September 1985 to February 1988. She indicated that she worked five days per week, eight hours per day. She claimed she was injured over time and therefore suffered an occupational disease as a result of working at MSU.
The State initially denied Torres’s claim for compensation. However, on July 2,1993, the State and Torres entered a $47,500 disputed liability settlement under the Occupational Disease Act. The settlement was approved by order of the Employment Relations Division of the Department of Labor & Industry.
Torres filed this suit on August 30, 1993. In her complaint, she alleged that she sustained injuries as a result of her exposure to toxic substances while attending the MSU College of Graduate Studies as a student between 1985 and 1988.
The State moved for summary judgment in May 1994. After briefing and a hearing, the court issued its order and memorandum granting the motion. The court reasoned:
[Torres] now claims that the toxic exposure occurred primarily as a student. The percentages of exposure however are not important. The act does not speak to the applicability of the exclusive remedy where the injury claim arose from both work and non-work related activities. The fact remains that [Torres], by her own representations before the Workers’ Compensation Division and in her present affidavit, claimed that she was injured in the course and scope of her employment when she applied for workers’ compensation or occupational disease benefits. She negotiated and was paid consideration based upon this claim. As a result, the exclusive remedy provision bars her from suing the State of Montana at this time.
From this determination, Torres appeals.
Did the court err in entering summary judgment?
This Court’s standard of review of a summary judgment is the same as that initially used by the district court and as set forth at Rule 56(c), M.R.Civ.P. Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214. This Court must determine whether there is a genuine issue of material fact and whether the State is entitled to judgment as a matter of law, based upon the facts set forth in the pleadings and in the depositions, answers to interrogatories and requests for admissions, and affidavits in the record.
*86 When a worker is injured on the job, his or her rights are governed by the statutory scheme of the Workers’ Compensation Act or the Occupational Disease Act. Both acts provide that the remedies thereunder are exclusive. The exclusivity provision of the Workers’ Compensation Act is codified at § 39-71-411, MCA. The only exception to the exclusive remedy provision of the Workers’ Compensation Act is set forth at § 39-71-413, MCA. That exception relates to intentional or malicious acts or omissions by the employer or a co-employee.
Because Torres settled her claim for benefits under the Occupational Disease Act, the exclusivity provision of that Act applies here and was relied upon by the District Court. It states:
The right to recover compensation pursuant to the provisions of this chapter for occupational diseases sustained by an employee and arising out of and in the course of employment, whether resulting in death or not, is the exclusive remedy therefor against an employer who is properly insured under the Workers’ Compensation Act and the Occupational Disease Act of Montana.
Section 39-72-305(1), MCA.
In his well-known treatise, Professor Larson discusses the policy reasons behind the exclusive remedy provision in workers’ compensation law:
Once a workmen’s compensation act has become applicable either through compulsion or election, it affords the exclusive remedy for the injury by the employee or his dependents against the employer and insurance carrier. This is part of the quid pro quo in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts.
2A Larson’s Workmen’s Compensation Law, § 65.11 (1995). This Court has made a similar policy explanation:
The purpose of the Workers’ Compensation Act is to protect both the employer and the employee by incorporating a quid pro quo for negligent acts by the employer. The employer is given immunity from suit by an employee who is injured on the job in return for relinquishing his common law defenses. The employee is assured of compensation for his injuries, but foregoes legal recourse against his employer.
Sitzman v. Schumaker (1986), 221 Mont. 304, 307-08, 718 P.2d 657, 659.
Torres’s position in this action is that she became ill because of her exposure to chemicals during the fifty to sixty hours she spent each *87 week in the chemistry laboratory as a student in pursuit of her degree. She contends that the exclusive remedy provisions do not apply in this case because she was not injured in the course and scope of her employment. She uses this argument to distinguish this case from cases concerning the dual capacity doctrine, which both parties describe as universally disfavored. Torres admits that the dual capacity doctrine was rejected by this Court in Herron v. Pack and Co. (1985), 217 Mont. 429, 705 P.2d 587.
Torres maintains that the District Court’s order expands the exclusive remedy doctrine so that an injured person could be prevented from recovering damages under both workers’ compensation and in an action for negligence. She sets forth, as an example, a hypothetical of a convenience store employee who, on his day off, slips and falls while shopping at the convenience store.
Torres’s hypothetical is not on point. Unlike the worker in her hypothetical, Torres concedes that her injuries may have been sustained at least in part within the scope and course of her employment. Moreover, the hypothetical leaves out the critical factor of a previous settlement between the parties, under workers’ compensation law, for the injury at issue.
The injuries which Torres now claims resulted in large part from toxic exposure while she was a student at Gaines Hall are the very same injuries for which she filed and settled her claim for workers’ compensation. For purposes of this action, Torres states that her disease arose from a hazard to which she was exposed outside of employment. However, when she filed her claim for workers’ compensation benefits, she did not allege that any portion of her disease was caused by exposure other than through her employment. Instead, she claimed that her disease arose out of and in the course of her employment.
If Torres had, at the time she filed her claim for workers’ compensation, revealed what she is contending now — i.e., that her exposure to the chemicals occurred primarily outside the employment relationship — then it appears she would not have been entitled to any benefits under the Occupational Disease Act. See § 39-72-408(4), MCA. She could then have pursued a negligence cause of action for her injuries.
Torres chose to pursue a remedy under the Occupational Disease Act and to enter a settlement under that Act. She has obtained a remedy for her injury — the $47,500 settlement under the Occupational Disease Act.
*88 At oral argument, Torres took the position that a jury ought to be allowed to apportion the causation of her injuries between that which occurred in the course and scope of her employment and that which occurred outside of her employment. However, she chose not to argue dual causation in her claim for workers’ compensation, and she did not raise the issue of apportionment in negotiating her workers’ compensation settlement.
Torres further claims that the State failed to introduce any evidence to disprove her assertions of fact as to the cause of her injury and therefore failed to meet its burden of proof for summary judgment. She denies the District Court’s conclusion that she has conceded that her injuries resulted, at least in part, from her employment at MSU. She argues that no factual determination has been made on that issue, and that it is a material issue of fact.
There is no issue of material fact. Torres concedes that she has accepted a settlement under the Occupational Disease Act from the State for the injury of which she here complains.
There are several exceptions to the necessity for affirmative proof of the defense [that the plaintiff was an employee entitled only to workers’ compensation]. One occurs when the employer-employee relation is shown in plaintiff’s complaint. Another occurs when plaintiff admits that his injuries arose out of his employment with the defendant. And, of course, the most reliable exception of all is the actual acceptance of compensation benefits. Note that the plaintiff cannot escape the consequences of this action by declaring that he was accepting the benefits “without prejudice” to his negligence claim.
2ALarson’s Workmen’s Compensation Law, § 65.12 (1995) (emphasis added). “[B]y accepting the benefits of the workmen’s compensation law [the employee] is foreclosed from now asserting that his injuries did not arise in the course of his employment.” Hensley v. United States (D.Mont. 1968), 279 F.Supp. 548, 551.
The operative fact in establishing exclusiveness is that of actual coverage. ...
... [A] valid and unappealed award for compensation ... is res judicata on the issue of coverage, and is binding on the court in which the employee attempts to bring his common-law suit.
2A Larson’s Workmen’s Compensation Law, § 65.14 (1995).
It is not necessary, as Torres contends, to rely upon a theory of estoppel to reach our conclusion. The controlling legal theory in this *89 case is the exclusive remedy provision of the law of workers’ compensation.
In her reply brief, Torres voices a new argument, that the State’s interpretation of the exclusive remedy provision violates her right to equal protection by classifying victims of negligence according to whether the negligent tortfeasor is the victim’s employer. Because she did not raise this argument before the District Court or in her initial brief on appeal, we do not consider it. See Rule 23(c), M.R.App.P.; Denend v. Bradford Roofing & Insulation (1985), 218 Mont. 505, 509, 710 P.2d 61, 63-64.
We hold that, as a matter of law, Torres is not entitled to bring this action because she has already been accorded a remedy for her injury under the Occupational Disease Act. We therefore affirm the decision of the District Court granting summary judgment to the State of Montana.
JUSTICES GRAY, NELSON and WEBER concur.