No. 95-104

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

AUSTIN A. MALEK,

     Plaintiff and Appellant,

   v.

JOE HANKINS,

     Defendant and Respondent.

FILED

JAN 30 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Twelfth Judicial District,
In and for the County of Chouteau,
The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     John E. Seidlitz, Jr., Great Falls, Montana

     For Respondent:

     Charles R. Cashmore, Crowley, Haughey, Hanson,
Toole & Dietrich, Billings, Montana

Heard:   December 14, 1995

Submitted:   December 19, 1995

Decided:   January 30, 1996

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Austin A. Malek appeals a judgment of the Twelfth Judicial District Court, Chouteau County, which granted Joe Hankins' motion for summary judgment on this claim of negligence in the workplace. We affirm.

The issue is whether the District Court erred in ruling that Hankins, an employee of Malek, Inc., cannot be deprived of his co-employee immunity from suit by the corporation's election not to provide workers' compensation coverage for its officer and employee, Malek.

Austin Malek was a compensated director and officer (president) of Malek, Inc. Joe Hankins was an employee of the corporation. In March of 1990, Hankins, while acting within the course and scope of his employment, unintentionally caused injury to Malek. Hankins was covered by workers' compensation insurance through his employment with Malek, Inc. The corporation had properly and effectively elected not to cover corporate officer Malek under the Workers' Compensation Act, pursuant to § 39-71-401(4)(a), MCA (1989).

In March of 1993, Malek brought this negligence action against Hankins. Hankins moved for summary judgment, relying on the principle of exclusivity under the Workers' Compensation Act as a bar to Malek's claim. After briefing and a hearing, the District Court entered judgment for Hankins. Malek appeals.

2

Did the District Court err in ruling that Hankins, an employee of Malek, Inc., cannot be deprived of his co-employee immunity from suit by the corporation's election not to provide workers' compensation coverage for its officer and employee Malek?

This Court's standard of review of a summary judgment is the same as that used by the trial court in ruling upon the motion for summary judgment--that is, summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Motarie v. Northern Montana Joint Refuse Disposal Dist. (Mont. 1995), 907 P.2d 154, 52 St.Rep. 1209.

Section 39-71-118(1)(a), MCA (1989), defines the term "employee" for purposes of the Workers' Compensation Act as

> each person . . . who is in the service of an employer
> . . . . The term includes . . . all of the elected and
> appointed . . . officers and members of boards of
> directors of . . . private corporations . . . while
> rendering actual service for such corporations for pay.

Hankins was clearly an employee under the statute. Malek, too, was a statutory "employee," as an officer of a private corporation rendering services to the corporation for pay.

Hankins and Malek, as employees of the same employer, were co-employees. This Court has recognized that co-employees are immune from suit in cases in which the Workers' Compensation Act applies. See, Forrester v. Kuck (1978), 177 Mont. 44, 579 P.2d 756; State ex rel. Fergusen v. District Court (1974), 164 Mont. 84, 519 P.2d 151; Madison v. Pierce (1970), 156 Mont. 209, 478 P.2d 860. Malek infers that when an election has been made not to cover an officer

3

and employee under workers' compensation, a co-employee is not immune from suit for injury to the officer and employee.

Malek also relies upon this Court's opinion in Shea v. North-Butte Mining Co. (1919), 55 Mont. 522, 179 P. 499. In Shea, both the employer and the employee had elected workers' compensation coverage under the statutes then in effect. The issue before the Court was the constitutionality of closing the courts to injured workers who had chosen to become subject to the workers' compensation statutes. This Court stated:

> [W]hen an employee has elected to become subject to the provision of the act, he may not thereafter prosecute an action for damages against the employer for an injury suffered by him during the course of his employment[.]

Shea, 179 P. at 502. Malek infers from this language that if an election has been made under the Act to reject coverage for an officer and employee, then that officer and employee retains the right to sue a negligent co-employee for damages.

Malek's inferences are overbroad. His view would allow the voluntary choice by Malek, Inc., to forego workers' compensation coverage of its employee Malek to adversely affect the rights and obligations of its non-officer employee Hankins, who must remain bound under the Act to his exclusive remedy. The law gave Hankins no voice in the choice to forego workers' compensation coverage for Malek.

We cannot accept Malek's view. As the District Court cogently stated:

> It is undisputed that as part of his Workers' Compensation coverage Hankins gave up his right to sue his employer. In exchange for this waiver of the right

4

to sue his employer, Hankins is entitled to receive the benefits of the Workers' Compensation Act. One of those benefits is immunity from lawsuits by co-employees injured in the course of employment.

. . . .

[Malek's] argument fails to recognize that [Hankins] is covered by the Act, does bear the burden [of waiver of the right to sue his employer], and is therefore entitled to the Act's benefits, one of which is immunity from lawsuits by co-employees for work-related injuries.

We agree with the District Court. We conclude that the Workers' Compensation Act provides immunity to a covered employee for work-related injuries to a co-employee, regardless of the employer's election not to cover the injured co-employee under workers' compensation.

The Supreme Court of Colorado considered an identical issue in Kelly v. Mile Hi Single Ply, Inc. (Colo. 1995), 890 P.2d 1161. Mile Hi had opted out of workers' compensation coverage for Kelly, a corporate officer, as allowed under Colorado law. Kelly was injured in an automobile accident in which James, an employee of Mile Hi, was the driver. Kelly sued James and Mile Hi to recover damages for his injury.

As to James' liability, the Supreme Court of Colorado reasoned:

[I]t would be unjust to burden a co-employee with liability based on an officer's election to reject coverage under the Act when the co-employee is covered by the Act, and his or her exclusive remedy for any work-related injuries is dictated by the Act.

We hold, therefore, that co-employees are immune from common law actions brought by an officer who has rejected coverage under the Act. Our decision to insulate co-employees from common law actions is based on the status of the defendant co-employee, and not on that

5

of the rejecting officer. It makes no difference whether the employee bringing the action is covered by the Act or has rejected coverage, provided the co-employee's exclusive remedies are found in the Act. To decide otherwise would require us to elevate the interests of the rejecting officer over those of a co-employee who has no knowledge or control over the rejecting officer's decision, and moreover, receives no benefit from the rejection of coverage.

Kelly, 890 P.2d at 1165. We agree with the rationale set forth by the Supreme Court of Colorado.

Based upon the above considerations, we hold that the election by Malek, Inc., to opt out of workers' compensation coverage for its corporate officer Malek did not affect Hankins' co-employee immunity under the Workers' Compensation Act. We therefore affirm the summary judgment entered by the District Court.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____
Justices

6