No.   95-482

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

RONNIE LEE REYNOLDS,

     Plaintiff,

    v.

UNITED STATES OF AMERICA and
CBI SERVICES, INC., a
Delaware Corporation,

    Defendants.

CERTIFIED QUESTION FROM: United States District Court
                        District of Montana, Billings Division
                        The Honorable Richard W. Anderson,
                        Judge presiding.

COUNSEL OF RECORD:

     For Plaintiff:

        Kurt M. Jackson, Hoyt & Blewett, Great Falls,
        Montana (argued)

     For Defendant:

        Victoria L. Francis (argued), William W. Mercer
        (argued) Assistant U.S. Attorneys, Billings,
        Montana (United States of America); Robert L.
        Sterup, Jr. Dorsey & Whitney, Billings, Montana

     For Amicus Curiae:

        Maxon R. Davis, Davis, Hatley, Hafferman & Tighe,
        Great Falls, Montana (Montana Defense Trial Lawyers,
        Inc.); John J. Richardson (argued), Beck Law
        Offices, Bozeman, Montana (Montana Trial Lawyers
        Association)

Heard: May 30, 1996
Submitted: May 31, 1996

Decided: December 13, 1996

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

The United States District Court for the District of Montana, Billings Division, has certified to this Court the following two questions:

1. Does § 27-1-703, MCA (1995), which permits the trier of fact to apportion negligence against an injured worker's employer or fellow employee, violate Article II, Section 16, of the Montana Constitution, which guarantees the right of full legal redress against liable third parties for injuries incurred in employment?

2. Can § 27-1-703, MCA (1995), be retroactively applied to a cause of action which arose prior to the effective date of the statute?

We conclude that our recent decision in Plumb v. Fourth Judicial District (Mont. No. 96-023, decided November 22, 1996), has rendered it unnecessary that we reach the constitutional issue raised in the first certified question and has rendered the second certified question moot.

*FACTS*

The parties have stipulated the following facts for purposes of submitting the two certified questions to this Court:

1. On or about January 7, 1991, defendant CBI Services, Inc. (CBI), and defendant United States of America (USA), entered into a construction contract for the Penstock Replacement at Power Plant No. 1, Fort Peck Dam, Valley County, Montana.

2. Defendant CBI was a contractor on the project.

3. Plaintiff Ronnie Lee Reynolds (Reynolds) was at all times

2

a citizen of the state of Montana, and was employed as a laborer on the project by Molts Constructors (Moltz), a subcontractor of defendant CBI.

4. On August 10, 1991, while Reynolds was working within the course and scope of his employment as a laborer for Molts, his safety lanyard was caught and severed by a rotating piece of cut steel. Reynolds alleges that, as a result, he lost his balance and fell approximately 22 feet to a concrete floor and suffered personal injuries.

5. As Reynolds' employer, Moltz provided workers' compensation coverage and workers' compensation benefits to Reynolds under the workers' compensation laws of the state of Montana.

6. On April 19, 1994, Reynolds filed a complaint in the United States District Court for the District of Montana, Billings Division, asserting a cause of action for negligence against defendant USA.

7. On or about June 17, 1994, defendant USA filed an answer and third-party complaint against defendant CBI denying its own negligence and asserting the negligence of defendant CBI.

8. On or about July 7, 1994, Reynolds filed a first amended complaint asserting a cause of action for negligence against defendant CBI. On or about September 28, 1994, defendant CBI filed an answer denying its own negligence.

9. On or about June 16, 1995, defendant USA filed **a** motion to

file an amended answer for the purpose of asserting that Reynolds' injuries and damages were caused "in full or in part by Moltz Constructors, a nonparty to this action, directly and vicariously through the actions of its employees." On or about June 19, 1995, defendant CBI filed a similar motion.

10. On September 13, 1995, the federal district court entered an order granting defendants leave to file their amended answers.

### DISCUSSION

Our disposition of the two certified questions necessarily follows as a direct consequence of our decision in Plumb. In Plumb, this Court held that certain of the amendments to § 27-1-703, MCA, enacted by the 1995 Legislature under Senate Bill 212 (Sec. 1, Ch. 330, L. 1995) were violative of substantive due process and were, therefore, unconstitutional. Plumb, slip op. at 23-25.

SB 212 actually did two things, however. First, in response to our decision in Newville v. State Department of Family Services (1994), 267 Mont. 237, 883 P.2d 793, this legislation deleted certain language from and added other language to § 27-I-703, MCA, with respect to apportioning liability and a percentage of negligence to non-parties. See § 27-1-703(4), MCA (1993) and Sec. 1, Ch. 330, L. 1995. Those were the provisions of SB 212 which we addressed in Plumb and which we declared unconstitutional.

Second, SB 212 also struck from § 27-1-703(4), MCA (1993), certain language that was dispositive of the issue addressed in our

4

decision in Wetch v. Unique Concrete Co. (1995), 269 Mont. 315, 888 P.2d 425. The language struck was:

> However, in attributing negligence among persons, the trier of fact may not consider or determine any amount of negligence on the part of any injured person's employer or coemployee to the extent that such employer or coemployee has tort immunity under the Workers' Compensation Act or the Occupational Disease Act of this state, of any other state, or of the federal government.

Section 27-1-703(4), MCA (1993); Sec. 1, Ch. 330, L. 1995.

Given our decision in Plumb, the state of the law clearly is now that liability may not be apportioned to parties who are not named in the lawsuit and who do not have an opportunity to appear and defend themselves. Plumb, slip op. at 23-24. Since the injured worker's immune employer or coemployee is obviously included within reach of our decision in Plumb--i.e., such persons cannot be apportioned liability or negligence as non-parties--the fact that SB 212 deleted the above-referenced statutory language in response to Wetch is meaningless from a practical standpoint. The stricken language was simply a statutory exception to that part of § 27-1-703(4), MCA, that we have now twice found unconstitutional.

Furthermore, as long as the employee's injury is covered under the Workers' Compensation Act or under the Occupational Disease Act, then the injured worker's employer and coemployees are immune from suit by the injured employee and by third parties via a suit for indemnity and contribution. Section 39-71-411, MCA; § 39-72-305, MCA. See Torres v. State (1995), 273 Mont. 83, 902 P.2d 999; Raisler v. Burlington Northern R.R. Co. (1985), 219 Mont. 254, 717

5

P.2d 535; Cordier v. Stetson-Ross, Inc. (1979), 184 Mont. 502, 604 P.2d 86; Forrester v. Kuck (1978), 177 Mont. 44, 579 P.2d 756 (cited in Malek v. Hankins (1996), 275 Mont. 97, 911 P.2d 1127). But see, Stratemeyer v. Lincoln County (Mont. 1996), 915 P.2d 175, 53 St.Rep. 245.

Accordingly, since the immune employer and coemployee can be neither apportioned liability or negligence as non-parties, nor named, sued and, thereby, apportioned liability or negligence as parties, there is no way in which the injured worker's third-party recovery can be reduced as a result of any conduct by the employer or coemployee.

Our decision in <u>Plumb</u> has rendered it unnecessary that we reach the constitutional issue raised in the first certified question and has rendered the second certified question moot.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

District Judge Hon. John C.
McKeon sitting for Justice
Charles E. Erdmann

December 13, 1996

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Kurt M. Jackson, Esq.
Hoyt & Blewett
P.O. Box 2807
Great Falls, MT 59403-2807

Victoria L. Francis
Asst. U.S. Attorney
P.O. Box 1478
Billings, MT 59103-1478

Robert L. Sterup, Esq.
Dorsey & Whitney
P.O. Box 7188
Billings, MT 59103

Lou Aleksich, Clerk
U.S. District Court of Montana
316 N. 26th Street, Room 5405
Billings MT 59101


Richard W. Anderson
U.S. Magistrate
316 North 26th, Room 5405
Billings MT 59101


Patricia O'Brien Cotter
Montana Trial Lawyers Association
Box 3425
Great Falls MT 59403-3425

John Richardson, Esq.