BENHAM, Justice,
dissenting.
I write because I respectfully disagree with the majority opinion.
In a typical negligent entrustment case involving an automobile accident, the tortfeasor-defendant is the employee and the plaintiff is seeking damages from the employer and/or the employee. See Butler v. Warren, 261 Ga. App. 375 (582 SE2d 530) (2003). The employer is liable for the plaintiff’s damages if its actions concur with the actions of the employee and, together, are the proximate cause of the plaintiff’s injuries. Id. at 376. The case at bar is not the typical case because the employee is not the tortfeasor-defendant, but rather is the plaintiff; and defendant is attempting to limit her exposure for damages by asserting that the plaintiff’s employer is also at fault for the plaintiff’s injuries because of its alleged negligent entrustment of the vehicle to him. The majority has concluded that Georgia’s apportionment statute allows the jury to consider the alleged fault of a *605 nonparty employer, who has no liability in tort to the plaintiff, in order to limit a defendant’s damages. I cannot agree with this outcome.
Prickett’s employer will never be liable in tort for any injuries sustained by Prickett because of the workers’ compensation statute which bars such actions. See OCGA § 34-9-11. Georgia’s apportionment statute does not allow a defendant tortfeasor to apportion its damages vis-a-vis the plaintiff’s immune employer. Specifically, OCGA § 51-12-33 (b) allows for the apportionment of damages “among the persons who are liable according to the percentage of fault of each person.” (Emphasis supplied.) OCGA § 51-12-33 (c) goes onto provide:
In assessing percentages of fault, the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit.
In order to reach its conclusion that the fault of Prickett’s employer may be considered by the jury, the majority opinion reads subsection (c) to the exclusion of subsection (b), ignoring the language that apportionment of damages is to be among “persons who are liable” according to their percentage of fault. This goes against one of the most basic rules of statutory construction that statutes, including subsections therein, are to be read in pari materia to each other. See Chase v. State, 285 Ga. 693, 699 (681 SE2d 116) (2009) (Carley, J., dissenting); City of LaGrange v. Ga. Public Svc. Comm., 296 Ga. App. 615 (2) (675 SE2d 525) (2009). The apportionment of damages to an employer without liability is simply not allowed under a plain reading of the statute.
Indeed, in Couch v. Red Roof Inns, Inc., 291 Ga. 359, 365 (729 SE2d 378) (2012), the majority of the Court stated that “[t]he purpose of the apportionment statute is to have the jury consider all of the tortfeasors who may be liable to the plaintiff together, so their respective responsibilities for the harm can be determined.” (Emphasis supplied.) The Court also explained that the statutory scheme works by “takfing] the total amount of damages to be awarded to the plaintiff, identifying] the persons who are liable, and apportioning] the damages to each liable person according to each person’s percentage of fault.” (Emphasis supplied.) Id. at 361. Therefore, because the Overhead Door Company is not liable and can never be liable in tort for Prickett’s injuries, the jury cannot consider the comparative fault of the Overhead Door Company for the purpose of limiting Zaldivar’s *606 damages. See Troup v. Fischer Steel Corp., 236 SW3d 143, 146-149 (Tenn. 2007) (comparative fault of employer could not be considered in employee’s tort action against third-party defendant where workers’ compensation law precluded employer’s liability in tort); Brodsky v. GrinnellHaulers, Inc., 181 N.J. 102, 115 (853 A2d 940) (2004) (jury could not assign fault to employer in employee’s suit against third-party tortfeasor no matter the comparative negligence as between the employer and third party); Reynolds v. United States, 280 Mont. 191 (929 P2d 844) (1996) (immune employer could not be apportioned liability or negligence as nonparty); Ridings v. Ralph M. Parsons Co., 914 SW2d 79, 81-82 (Tenn. 1996) (fault cannot be attributed to the plaintiff’s employer as attribution of fault is limited to those who can be held liable for the plaintiff’s damages); Varela v. American Petrofina Co. of Texas, Inc., 658 SW2d 561 (Tex. 1983) (negligence of employer could not be considered for the purpose of reducing the damages in employee’s action against third-party tortfeasor); Hamme v. Dreis & Krump Mfg. Co., 716 F2d 152 (3rd Cir. 1982) (Pennsylvania law does not allow the consideration of an employer’s negligence for the purpose of allocating fault under the comparative negligence statute).
Decided July 6, 2015
Reconsideration denied July 27, 2015.
Downey & Cleveland, Jonathan C. Jones, Sean L. Hynes, Andrew A. Curtright, for appellant.
Slappey & Sadd, James N. Sadd, Edward M. Wynn III, for appellees.
Hawkins Parnell Thackston & Young, Alex M. Barfield, Martin A. Levinson, amici curiae.
Accordingly, for the reasons outlined in this dissent, I would affirm the judgments of the trial court and the Court of Appeals.