ORIGINAL

FILED

10/13/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0533

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 19-0533

NATIONAL INDEMNITY COMPANY,

Plaintiff, Appellant/Cross-Appellee,

v.

STATE OF MONTANA,

Defendants/Appellee/Cross-Appellant,

and

TERRY JELLESED, et al.

Intervenors



FILED

OCT 1 3 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

This matter comes before the Court on National Indemnity Company's (NIC) Motion to Strike seeking to strike what NIC asserts to be a new argument improperly raised by the State for the first time on appeal. NCI asserts the State, in its Reply Brief, for the first time argues the pro-rata allocation is not applicable because insurance coverage was unavailable to the State when it elected to self-insure in 1977. NIC asserts the State failed to previously make this argument before the District Court. In the alternative, NIC seeks opportunity to file a sur-reply brief on this issue.

In response, the State points out that NIC's motion, filed three weeks after completion of the briefing in this appeal, in essence, seeks to strike an argument in a single paragraph consisting of eight lines of the State's 21-page Reply Brief. The State objects to the motion to strike and requests we deny it. The State asserts it properly raised the argument in response to NIC's pro-rata argument which it asserted in both its appeal and in its answer to the State's cross-appeal. The State further asserts NIC's pro-rata argument on appeal is different from the pro-rata argument it made before the District Court. Finally,

the State asserts the briefing in this appeal, which is now complete, is "exhaustive" and there is no need for NIC to file a sur-reply brief.

The purpose of a reply brief is to respond to arguments raised in a response brief. *WLW Realty Partners, LLC v. Cont'l Partners VIII, LLC*, 2015 MT 312, ¶ 20, 381 Mont. 333, 360 P.3d 1112. M. R. App. P. 12(3) provides in part, "The reply brief must be confined to new matter raised in the brief of the appellee." We have held many times that we will not address the merits of an issue presented for the first time in a reply brief. *State v. Makarchuk*, 2009 MT 82, ¶ 19, 349 Mont. 507, 204 P.3d 1213 (citation omitted).

In *Denend v. Bradford Roofing & Insulation*, 218 Mont. 505, 710 P.2d 61 (1985), the appellee moved to strike the appellants' reply brief for failing to comply with M. R. App. P. 23(c), which M. R. App. P. 12(3) supersedes. This Court denied the motion, stating it would not consider any portion of the reply brief which does not conform to the Rule. Since *Denend*, this Court has commonly declined to address arguments improperly raised for the first time in a reply brief. *E.g.*, *Makarchuk*, ¶¶ 19-20; *Pengra v. State*, 2000 MT 291, ¶ 13, 302 Mont. 276, 14, P.3d 499; *Loney v. Milodragovich, Dale & Dye, P.C.*, 273 Mont. 506, 512, 905 P.2d 158, 162 (1995); *Torres v. State*, 273 Mont. 83, 89, 902 P.2d 999, 1003 (1995). It will not deviate from such practice here.

At this point, this case is fully briefed and ripe for determination. If the State's arguments violate M. R. App. P. 12(3), this Court shall not consider them in resolving this matter.

THEREFORE,

IT IS ORDERED that NIC's Motion to Strike is DENIED.

The Clerk is directed to give notice of this Order to all counsel of record.

Dated this 13 day of October, 2020.

_____
Chief Justice

_____

2

_____

_____

_____
Justices